ALICE TIERNEY *vs.* RUSSELL COOLIDGE & others.

Suffolk.   May 15, 1940. — February 12, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

*Trust,* Constructive.  *Equity Jurisdiction,* To enforce constructive trust. *Equity Pleading and Practice,* Continuance.  *Probate Court,* Accounts.

A suit against a stockbroker to establish a constructive trust of the proceeds of securities, pledged to him during the minority of the plaintiff by the plaintiff's guardian, received by him with knowledge that such pledging was in breach of the fiduciary relation, and disposed of by him on orders of the guardian, might be maintained without a previous settlement of the guardian's account in the Probate Court.

A suit in equity to establish a constructive trust of proceeds of property, received by a stockbroker from the plaintiff's former guardian with notice that the delivery of the property to him was a breach of trust, should not have been continued on the defendant's motion to await settlement of the guardian's account in the Probate Court.

BILL IN EQUITY, filed in the Superior Court on May 27, 1938.

A plea was sustained and a motion for continuance was allowed by *Pinanski,* J., who reported his action to this court.

*E. J. Flavin,* (*D. J. Cohen & I. Cohen* with him,) for the plaintiff.

*P. B. Buzzell,* (*C. C. Craig* with him,) for the defendants.

DOLAN, J.   This is a suit in equity in which the plaintiff seeks in substance to establish a constructive trust of the proceeds of certain securities.

The case was referred to a master and during the course of the hearings before him the individual defendants (hereinafter referred to as the defendants) filed a plea to the jurisdiction of the Superior Court, and a motion that the suit be suspended "until such time as the accounts of Helena E. Tierney, former guardian of the plaintiff, shall have been finally adjudicated and settled in the Probate Court . . . and until the period for appeal from such final decree or decrees shall have expired." On June 29, 1939, the judge entered an interlocutory decree allowing that motion, and on July 10, 1939, entered an interlocutory decree sustaining the plea to the jurisdiction. The plaintiff appealed from these decrees and the judge reported the question of the correctness of his "rulings" for the determination of this court.

The plea and motion were heard upon a statement of agreed facts which are in substance as follows: The plaintiff, who was born July 29, 1915, was the only child of James J. Tierney, late of Swampscott, Massachusetts, and his wife Helena E. Tierney. On September 27, 1918, said James J. Tierney died intestate and his widow, Helena E. Tierney, was appointed administratrix of his estate on October 14, 1918. His estate included personal property of a value slightly in excess of $2,500, and after the payment of debts and expenses of administration the distributive share of the plaintiff amounted to $1,535. On November 24, 1919, by decree of the Probate Court for the county of Essex, Helena was appointed guardian of the plaintiff who was then four years of age. On November 24, 1919, the first and final account of Helena as administratrix of the estate of James was allowed. This account showed the payment of the plaintiff's distributive share to Helena as guardian, and, on January 15, 1920, an inventory was filed in the guardianship proceedings by Helena in which she charged herself with $1,535. On October 20, 1921, a first and final account of Helena as guardian of the plaintiff was allowed, showing the expenditure of $1,535 for various items such as private school tuition, medical and dental services, clothes and equipment for the ward and "stating that there was nothing left in the guardian's account." No entries appear

on. the docket of the Probate Court with respect to the guardianship of the plaintiff subsequent to the allowance of this account.

On October 20, 1921, Patrick F. Tierney of Salem, the father of James J. Tierney, died intestate leaving as one of his heirs at law the plaintiff, his granddaughter. On November 3, 1921, Martin L. Tierney was appointed administrator of the estate of Patrick and on January 5, 1931, the first and final account of the administrator was allowed. This account shows the distribution of the plaintiff's share in that estate to Helena as her guardian. The plaintiff's share included a substantial amount of cash as well as shares of stock in various corporations.

On November 28, 1921, Maria J. Tierney of Salem, the mother of James J. Tierney and grandmother of the plaintiff, died intestate leaving the plaintiff as one of her heirs at law. On December 29, 1921, Daniel C. Manning and Michael J. Reardon were appointed administrators of the estate of Maria. On June 4, 1931, their first and final account as administrators of her estate was allowed. This account shows the distribution of the share of the plaintiff in that estate to Helena as her guardian. This share consisted of a substantial amount of cash as well as some Liberty bonds and shares of stock in various corporations.

Certain of the individual defendants were members of succeeding partnerships engaged in the stock brokerage business in Boston, Massachusetts, under the firm name and style of F. L. Dabney and Company, during the period from September 4, 1928, up to the time this suit was begun. On September 4, 1928, Helena opened an account in her own name with said F. L. Dabney and Company, this account being of the type commonly referred to as a margin account, and thereafter purchased and sold certain securities through the account. A copy of the "signature and reference card" in connection with the account, signed Helena E. Tierney and dated December 2, 1929, is annexed to the agreed statement of facts. One of the stocks hereinafter described as being earmarked as guardianship stock was sold before, and the others were sold after, December

2, 1929. The account was finally closed on January 8, 1935. Some of the certificates of stock deposited by Helena in this account stood in the name of Alice Tierney under guardianship of Helena E. Tierney, and some in the name of Helena E. Tierney as guardian of Alice Tierney. All of such certificates were so deposited between February 16, 1929, and June 30, 1930, while the plaintiff was still a minor. The docket of the Probate Court "contains no record of 'any authority granted to Helena E. Tierney as guardian . . . to deposit said certificates in the manner described." These certificates when deposited with F. L. Dabney and Company were accompanied by stock powers signed by Helena as guardian and by certificates of her appointment as guardian. The order slips showing the instructions that were given by her with respect to the disposition of these securities are no longer available, having been destroyed by F. L. Dabney and Company in accordance with its established practice after they had been preserved for four years following the dates of the several transactions. Entries in the customers' ledger and other permanent books of account of F. L. Dabney and Company, however, show that the securities in question in some instances were held for considerable lengths of time before being sold, and that other securities were purchased in the account upon the credit of the securities so deposited, and that, whenever the cash balance in said account was in favor of F. L. Dabney and Company, interest was charged to the customer thereon. In this manner all of said certificates of stock so earmarked as guardianship stock were eventually sold by the defendants, and the proceeds credited against the debit balance in the account standing in the name of Helena E. Tierney.

All of the evidence upon which the foregoing facts were based was admitted by the master over the objection and subject to the exception of the defendants "on the ground" that the accounts of Helena should first be settled in the Probate Court. Thereupon, the defendants, on cross-examination of the plaintiff, proceeded to inquire "regarding expenditures for the maintenance, education and support

of the plaintiff which had been paid by her guardian . . . Helena . . . prior to her coming of age. After this inquiry had proceeded for some time and the plaintiff had testified to the expenditure by her said guardian for her benefit of substantial amounts," upon motion of the plaintiff the master ordered that her testimony "along that line" be struck out. The defendants then offered to prove that the plaintiff's guardian had expended large sums from her own funds for the support, maintenance and education of the plaintiff, for which she would be entitled upon an accounting between them to be reimbursed from the securities and cash which came into her possession as guardian, and that upon a full accounting it would appear that a part or all of the guardianship securities deposited with the defendants, as well as cash remittances received by her from them, could rightfully be claimed by her as her individual property to be applied and credited toward such reimbursement. This proffered evidence was excluded subject to the defendants' exception. At this point the hearings before the master were suspended, and the motion and plea to the jurisdiction were presented to the judge, who entered the decrees thereon which have already been described.

The defendants do not dispute the established principle that "One who receives trust property, with notice that its delivery constitutes a breach of trust, holds the property as a constructive trustee for those who are entitled to have it," and that the "transferee of such a person, who takes with such notice or without consideration, has no greater rights, and likewise becomes a constructive trustee liable to reconvey the property or, if unable to do so, to pay the owner the proceeds or to compensate him for its value." *Berry* v. *Kyes*, 304 Mass. 56, 59. *Locke* v. *Old Colony Trust Co.* 289 Mass. 245, 253. *Banks* v. *Everett National Bank*, 305 Mass. 178, 182. Nor do the defendants contend that in the present case they were not put upon notice of the breach of trust committed by the guardian in pledging the securities of her ward, the plaintiff, to secure her own debt to them. Their sole contention is that the settlement

of the accounts of the guardian of the plaintiff in the Probate Court is a prerequisite to the maintenance of the present suit.

The present case is largely governed by the principles set forth in *Locke* v. *Old Colony Trust Co.* 289 Mass. 245. Here, as in the *Locke* case, while the plaintiff could have proceeded to require an accounting by her guardian, yet since the relief sought in the present suit is against strangers to the estate of the ward who had received identifiable property, a remedy by accounting is not exclusive, and an adjudication of the guardian's account is not a prerequisite to the maintenance of this suit in equity to follow that property or obtain its value. An adjudication of the account of the guardian would have no binding effect upon the defendants who would not and could not be parties to its settlement. "The principle established by a long line of decisions that an executor [or guardian] is entitled to have his accounts settled in the Probate Court sitting in probate and cannot be compelled by suit in equity to account or to transfer property of the estate before his account has been settled . . . does not go so far as to preclude a suit in equity by a successor in the trust to reach specific property of the estate in the hands of a stranger." *Locke* v. *Old Colony Trust Co.* 289 Mass. 245, 254. The plaintiff, as the beneficiary, stands in no different position with reference to the right to maintain the present suit than would a successor in the guardianship, had one been appointed during the plaintiff's minority and brought a similar suit. See *Atkinson* v. *Atkinson*, 8 Allen, 15; *Chace* v. *Chapin*, 130 Mass. 128; *O'Herron* v. *Gray*, 168 Mass. 573; *Holmes* v. *Holmes*, 194 Mass. 552, 556; *Donnelly* v. *Alden*, 229 Mass. 109; *Jones* v. *Swift*, 300 Mass. 177. An examination of the many cases cited by the defendants reveals that, with a possible exception, the suits involved were, in essence, directly between the fiduciary and the beneficiary, or between the representative of a deceased beneficiary or fiduciary and other members of the relationship, where properly the remedy in the first instance was confined to an accounting. The reasons underlying such cases have no application where, as here, relief is sought by

the former ward against strangers to the guardianship proceedings. We think that, on its facts, the case of *Wilson* v. *Boylston National Bank*, 170 Mass. 9, so strongly relied upon by the defendants, is not in conflict with this principle. It follows from what has been said that the action of the judge in sustaining the plea to the jurisdiction was erroneous.

We are also of opinion that the motion for continuance of the present suit until the final adjudication of the accounts of the former guardian of the plaintiff in the Probate Court should not have been granted, since the effect of its allowance would be to compel an election by the plaintiff to pursue her remedy in the first instance by accounting proceedings in which no relief could be had against the defendants. It is true that in general whether a case when reached for trial shall be heard or continued for hearing at a later time rests in sound judicial discretion, *Morgan* v. *Steele*, 242 Mass. 217, 218, and commonly the granting of a continuance is for the presiding judge alone. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 16, and cases cited. See also *Commonwealth* v. *Festo*, 251 Mass. 275. Obviously such a rule is essential to the orderly administration of justice, but we think that it cannot be invoked, as in the present case, to deny trial to the plaintiff of the present suit, which she has the right as matter of law to prosecute, without resorting in the first instance to accounting proceedings between her and her guardian in which no relief could be had as against the defendants. The motion stands in no better case than the plea to the jurisdiction, being based on the same ground.

The interlocutory decree sustaining the plea to the jurisdiction is reversed and instead an interlocutory decree is to be entered overruling this plea. The interlocutory decree allowing the motion for continuance is likewise reversed and instead an interlocutory decree is to be entered dismissing the motion, and the case is remanded to the Superior Court for proceedings not inconsistent with this opinion.

*Ordered accordingly.*