OLD COLONY TRUST COMPANY, trustee, *vs.* JOSEPHINE H. WOOD & others.

Bristol.     May 28, 1947. — July 1, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Adoption. Devise and Legacy,* Heirs at law. *Probate Court,* Jurisdiction, Equity proceedings, Accounts, Decree, Petition, Parties. *Equity Jurisdiction,* Tracing of property. *Equity Pleading and Practice,* Parties, Decree. *Trust,* Distribution, Recovery of trust property, Constructive trust.

Property held in trust under a will for the benefit of the testator's nephew during his life and upon his death to be paid to his "heirs at law" was, by reason of Pub. Sts. c. 148, §§ 7, 8; G. L. (Ter. Ed.) c. 210, §§ 7, 8, payable on the nephew's death, not to one adopted as a daughter of the nephew many years after the testator's death, but to cousins of the nephew who were his natural heirs at law.

A Probate Court, in which was brought a petition by a trustee to recover, for the benefit of respondents entitled thereto, trust property erroneously distributed to another respondent, was not deprived of jurisdiction of the case by the pendency of the trustee's account showing the erroneous distribution, or by the pendency of a suit in equity in the Superior Court by which persons not entitled to the property sought to recover it from the distributee but to which neither the trustee nor those entitled to the property were parties.

A testamentary trustee who erroneously distributed trust property to one not entitled thereto might maintain a petition in the Probate Court to recover the property from the distributee for the benefit of those entitled thereto.

Relief to a trustee, petitioner in a Probate Court, by ordering trust property, erroneously distributed to a respondent not entitled thereto, restored to the petitioner for distribution to respondents who were entitled thereto was not inconsistent with nor precluded by special prayers by the petitioner and the respondents entitled to the property that the respondent distributee be ordered to transfer it to the other respondents.

Upon an erroneous distribution of trust property by the trustee to one not entitled thereto, the obligation of the distributee as a constructive trustee to restore the property or its value to the trustee for proper distribution was not affected by the fact that the distributee had assented to an account of the trustee showing the distribution to him or by the fact that the distributee had innocently expended a part of the property received.

PETITION, filed in the Probate Court for the county of Bristol on December 12, 1945.

The case was heard by *Hitch*, J.

In this court the case was submitted on briefs.

*M. L. Fahey & V. R. Brogna*, for the respondent Wood.

*G. W. Grover*, for the respondents Richards and another.

*N. Leonard & L. Dana*, for the petitioner.

DOLAN, J. By this petition filed in the Probate Court, the petitioner, as it is successor trustee under the will of Elisha T. Andrews, seeks to have determined which of the respondents are entitled to certain trust property and, if it be determined that the respondent Josephine H. Wood is not entitled to certain trust property paid and delivered to her by the petitioner in the belief that she was entitled thereto, that she be ordered to deliver to the persons determined to be entitled thereto all of said trust property together with any and all income received by her from said property, or to account for the same and to pay over to such persons the value thereof.

Material allegations of the petition follow. Elisha T. Andrews died testate. His will was allowed on April 6, 1883. By the tenth article of his will he provided as follows: "To my . . . trustees the sum of five thousand dollars to hold, manage and invest the same according to their best judgment and the net income to pay in equal shares to my nephews George H. Andrews and Charles H. Andrews during their lives and upon the death of each, to pay to the heirs at law of the one so dying, one half of the trust fund, viz: the sum of twenty-five hundred dollars." By the twentieth article of his will he further provided thus: "All the residue of my estate real, personal and mixed wheresoever it may be found and of whatsoever it may consist I give and devise unto . . . Edwin W. Gilmore and Pardon A. Gifford as trustees, to hold, manage and invest the same according to their best judgment and to pay the net income thereof, one third of same to my nephew George H. Andrews and the remaining two thirds of same to my nephew Charles H. Andrews during their lives and upon the death of each, to pay to the heirs at law of the one so dying his proportion of the trust fund, principal and interest." The respondent Wood was adopted by said Charles H. Andrews by decree

entered in the Probate Court for Bristol County on August 3, 1944. He died without issue on January 5, 1945. Thereafter the petitioner as trustee as aforesaid, believing the respondent Wood to be the person entitled to the distribution of the trust estate, paid and delivered to her the principal of the trust estate consisting of cash and securities valued at $38,963.20, "as shown in the trustee's fourteenth and final account" filed in the registry of probate for the county of Bristol on July 12, 1945. On October 2, 1945, the respondents Abbie Bessie Andrews, Allena Russell Freeman, and Lloyd E. Conn as administrator of the estate of Louella W. Rolfe, filed a bill of complaint in the Superior Court for the county of Middlesex against the respondent Wood alleging themselves to be the persons entitled to the trust estate in question and praying that the respondent Wood be ordered to deliver to them the trust property that she had received from the petitioner. (The present petition was filed in the Probate Court on December 12, 1945.) The further allegation is made that thereafter the petitioner through diligent research located certain other named respondents who may be entitled to the trust property involved. The petition contained a prayer for general relief. The petition was amended to include a list of the securities delivered to the respondent Wood by the petitioner and a statement of the amount of accumulated income paid to her.

The respondent Wood in her answer set up that the petition did not lie because the petitioner's account showing the transaction in question was pending in the Probate Court, and that the bill of complaint in the Superior Court for the county of Middlesex (before described), to which she had demurred, was still pending. The present petition having been amended as set forth above, she filed a "substitute demurrer," which was overruled by the judge thus: "Above demurrer not pressed and is overruled." It is unnecessary to recite the grounds of the demurrer.

In their answers to the petition as amended the respondents Benjamin Richards, Arthur Westgate Richards, Ralph Waldo Richards, Alfred B. Richards, Mary Eliza Packard, Harriet M. Richards, Harriet Elizabeth Pettee and Mary

Pettee Marsh set forth that each of them was entitled to one eighth of the trust property in question, and that the petitioner in paying and delivering the same to the respondent Wood wrongfully detained their respective shares thereof; and prayed that the respondent Wood be ordered to deliver to them their respective shares of the trust property and their respective shares of all income therefrom, and that the petitioner as trustee as aforesaid be ordered to pay to them the amount of any deficiency not received by them from the respondent Wood, together with all interest to which they may be lawfully entitled. These eight respondents, and also the respondents Andrews, Freeman and the administrator of Rolfe, stipulated in the court below that the eight respondents first named above are first cousins of the life beneficiary of the trust, and that the two respondents Andrews and Freeman, and Louella W. Rolfe, all of whom survived the life beneficiary, were his first cousins once removed.

The judge entered a decree in which he found that the heirs of the life beneficiary Charles H. Andrews entitled to distribution of the trust property are those referred to above as the eight respondents, first cousins, that Andrews, Freeman and Louella W. Rolfe, being first cousins once removed, were not the heirs of Charles, that it is not practical to order the property returned directly to the beneficiaries of the trust, and that the petitioner is the proper one to receive, divide and distribute the trust estate; and decreed that the respondent Wood transfer and deliver to the petitioner certain securities of the trust estate, that she pay to the petitioner certain sums in cash representing income and principal received and the value of certain securities of the trust estate that she had sold [1] before she received notice sometime in September, 1945, that the trust estate had been delivered to her by mistake, and that the petitioner as trustee

---

[1] The evidence discloses and the judge found that the respondent Wood also gave away four bonds comprising part of the trust estate, the value of which he also found. He also found that the donees had not been made parties to the petition, and made no order in his decree for the payment of the value of these bonds to the petitioner. Neither the petitioner nor any of the respondents found entitled to the trust estate has appealed from the decree.

as aforesaid convert the securities into cash, and, after the payment of certain expenses of the petitioner and counsel fees allowed to counsel for the respective respondents to be paid out of the trust estate, [1] distribute the balance remaining in equal shares to the eight first cousins of the deceased life beneficiary Charles H. Andrews. The respondent Wood appealed, and at her request the judge made a report of facts in which he adopted those found in his decree, in substance the facts alleged in the petition, and made other findings as to the particular securities of the trust estate admitted by the respondent Wood to have been in her possession at the time of the hearing, as to the amount received by her as income and cash principal from the trust property, and as to the sale of certain bonds by her and their value as found in the decree entered by him. The evidence discloses that the respondent Wood was born in Copenhagen on December 24, 1903. Her appeal from the decree entered by the judge brings the case here. She will be referred to hereinafter as the appellant.

The findings of fact of the judge are supported by the evidence, which is reported. The appellant does not controvert them. She makes no contention that the judge erred in finding that the respondent eight first cousins of the deceased life beneficiary are entitled to the trust estate as his heirs within the meaning of the will of his uncle who created the trust. That is proper. Construing similar language as that employed in the present case together with the provisions of Pub. Sts. c. 148, §§ 7, 8, [2] in *Wyeth* v. *Stone*, 144

---

[1] None of the respondents appears to have objected to these allowances out of the trust estate.

[2] Section 7, so far as here material, provides that "As to the succession to property, a person adopted in accordance with the provisions of this chapter shall take the same share of property which the adopting parent could have devised by will that he would have taken if born to such parent in lawful wedlock, and he shall stand in regard to the legal descendants, but to no other of the kindred of such parent, in the same position as if so born to him."

Section 8 provides that "The term child, or its equivalent, in a grant, trust-settlement, entail, devise, or bequest, shall be held to include a child adopted by the settler, grantor, or testator, unless the contrary plainly appears by the terms of the instrument; but when the settler, grantor, or testator is not himself the adopting parent, the child by adoption shall not have, under such an instrument, the rights of a child born in lawful wedlock to the adopting parent, unless it plainly appears to have been the intention of the settler, grantor, or testator to include an adopted child." See now to same effect G. L. (Ter. Ed.) c. 210, §§ 7, 8.

Mass. 441, the court held that the adopted child of the testator's widow was not her natural heir; that in proceedings against him to recover a parcel of land comprised in the trust estate he had the burden of showing that it was the intention of the testator, who was not the adopting parent, to include an adopted child; that there was nothing in the will of the testator to show that he contemplated that after his death the life beneficiary might adopt a child; and that it was impossible to say in the words of the statute that it "plainly appears to have been the intention of the testator to include in his devise an adopted child of his wife" as one of her heirs (page 444). Construing the successor statutes, R. L. c. 154, §§ 7, 8, to the same effect as Pub. Sts. c. 148, §§ 7, 8, [1] in *Walcott* v. *Robinson*, 214 Mass. 172, the court reached the same result as that in the *Wyeth* case. The result reached in each of the cases just cited was based not upon any theory that the word "heirs" is interchangeable with the word "child" used in § 8, but rather on the ground that the intent of the testator as shown in his will was to govern the meaning of the words used by him. In the present case there is nothing in the will of the testator to justify a conclusion that it was his intention to include as an heir of his nephew a person adopted by him, who was born over twenty years after the death of the testator.

Certain of the contentions of the appellant are that the court below had no jurisdiction to entertain the petition (1) because the petitioner's fourteenth and final account was pending in that court when this proceeding was begun and heard; (2) because the subject matter thereof was within the exclusive jurisdiction of the Superior Court where the suit was brought against the appellant ·by certain of the respondents to recover from her the trust property delivered or paid to her by the petitioner here; and (3) because the petitioner had no right to bring the present proceeding either in its own behalf or in that of the respondent claimants of the trust estate.

The foregoing contentions cannot be sustained rightly. The pendency of the petitioner's account showing the trans-

---

[1] In force at the time of the death of the testator in the present case.

action here in question was not a bar to the present proceeding to recover the trust property for or by the persons entitled thereto. The remedy on the accounting was not exclusive. *Locke* v. *Old Colony Trust Co.* 289 Mass. 245, 250–254, and cases cited. *Tierney* v. *Coolidge,* 308 Mass. 255, 260. *Parker* v. *Lloyd, ante,* 126, 134–135. The pendency of the suit in the Superior Court by the respondent first cousins once removed of the life beneficiary Charles H. Andrews to recover the trust property in question from the appellant here, did not confer upon that court exclusive jurisdiction of the subject matter and the parties to the present proceeding. There is nothing in the record to show that the petitioner trustee or the respondents found in the court below to be entitled to the trust property were parties to the suit in the Superior Court. And "it is a general rule in equity . . . [subject to certain exceptions not here material] that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are to be made parties to it, either as plaintiffs or as defendants, however numerous they may be, so that there may be a complete decree, which shall bind them all. By this means, the court is enabled to make a complete decree between the parties, to prevent future litigation by taking away the necessity of a multiplicity of suits, and to make it perfectly certain, that no injustice is done, either to the parties before it, or to others, who are interested in the subject-matter, by a decree, which might otherwise be grounded upon a partial view only of the real merits. When all the parties are before the court, the whole case may be seen; but it may not, where all the conflicting interests are not brought out upon the pleadings by the original parties thereto." Story, Eq. Pl. (10th ed.) § 72. *Gregory* v. *Stetson,* 133 U. S. 579, 586. *Dietz* v. *New York Life Ins. Co.* 287 Mass. 398, 400. *Turner* v. *United Mineral Lands Corp.* 308 Mass. 531, 538–539, and cases cited. The petitioner trustee and the respondent first cousins of the deceased life beneficiary in the present case were indispensable parties to the suit in the Superior Court, and, since it does not appear that they whose interests were vitally concerned in the subject matter

of that suit were parties thereto, it cannot be said rightly that the jurisdiction of that court was duly invoked, that is, that it acquired exclusive jurisdiction of the subject matter of the suit and the essential parties thereto. It follows that in the present case the Probate Court had jurisdiction to entertain the present proceeding, to which all persons interested in its subject matter were parties.

The petitioner trustee had standing to bring the present petition in its own behalf to recover from the appellant the trust property erroneously distributed to her. *Hammond* v. *Hammond*, 169 Mass. 82. *Bailey* v. *Smith*, 214 Mass. 114. *Minot* v. *Purrington*, 190 Mass. 336. *Corkery* v. *Dorsey*, 223 Mass. 97. See also *Moss* v. *Cohen*, 158 N. Y. 240; *Union Trust Co.* v. *Gilpin*, 235 Pa. 524; Scott on Trusts, §§ 254, 255; Restatement: Trusts, §§ 254, 255. The rule of law that money voluntarily paid under a claim of right, with full knowledge of the facts on the part of the one making the payment, cannot be recovered back unless there is fraud or concealment or compulsion by the party enforcing the claim, *Carey* v. *Fitzpatrick*, 301 Mass. 525, 527–528, and cases cited, has no application in the circumstances disclosed in the present case, where the property in question was held upon a trust for the benefit of others who had no part in its erroneous delivery and payment by the petitioner trustee to the appellant. It is fundamental that in the hands of the appellant the property and proceeds thereof remained impressed with the same trust upon which they were held by the petitioner, subject to be followed into her hands and recovered from her by the petitioner or those entitled thereto. *Locke* v. *Old Colony Trust Co.* 289 Mass. 245. *Tierney* v. *Coolidge*, 308 Mass. 255. And since by the erroneous distribution of the trust property to the appellant which was not authorized by a proper court the petitioner trustee became liable to make restitution out of its own pocket to those entitled thereto who could proceed against the trustee alone, [1] the petitioner had standing to bring the petition in behalf of the interests of those entitled to the trust prop-

---

[1] *Cowdin* v. *Perry*, 11 Pick. 503. *Dodd* v. *Winship*, 133 Mass. 359, *S. C.* 144 Mass. 461. *Browne* v. *Doolittle*, 151 Mass. 595. Scott on Trusts, § 226, and cases cited. Restatement: Trusts, § 226.

erty. See Restatement: Restitution, §§ 15, 28, 44, 55.  It is to be noted, moreover, that the prayer of the petition that the appellant be ordered to deliver the trust property in question to those found to be entitled thereto and to account to them is the same as one of the prayers contained in the answer of each of the respondents found to be entitled to the remainder interest in the trust, who also prayed by way of counterclaim that the petitioner be ordered to pay to them any "deficiency not received" by them from the appellant, a remedy that they could maintain on their own behalf against the petitioner and the appellant.  Thus the whole subject matter was before the court below for determination.  It is true that the relief granted in the court below was not in express terms that prayed for in the special prayers of the petition or in those of the respondent first cousins of the deceased life beneficiary contained in their answers, but the stating parts of the petition present a case for the relief granted, and it cannot be said rightly that the relief decreed is inconsistent with the special prayers of the petition.  *Bleck* v. *East Boston Co.* 302 Mass. 127, 130–131, and cases cited.

The appellant's contention that she is entitled to retain the trust property in question because not held by her on a constructive trust is disposed of by what we have said above. Her contention that she is entitled to retain the property in question because she gave value therefor by assenting to the petitioner's account showing its transfer or payment to her, is without merit.  Her contention that she is entitled to retain the proceeds of securities of the trust estate which she sold and income therefrom received by her because she acted in good faith is not sound.  Her innocence and the fact that she has expended in whole or in part proceeds of the sale of certain securities sold by her and income received by her from the trust property cannot avail her.  She has no greater rights than the petitioner trustee, who erroneously transferred the property in question to her in breach of its trust for those entitled thereto.  *Appleton Bank* v. *McGilvray,* 4 Gray, 518, 522–523.  *Parker* v. *Lloyd, ante,* 126, 134–135.  *Union Trust Co.* v. *Gilpin,* 235 Pa. 524, 529.

*Decree affirmed.*