## Day Trust Company v. Ayer

*Clark Wesley*, for plaintiff.

*Maxwell Strawbridge*, for defendant.

KNIGHT, P. J., December 1, 1955.—Plaintiff is a Massachusetts corporation with its principal office located in Boston, Mass. Defendant is a resident of Montgomery County, Pa. On February 21, 1940, plaintiff was appointed substituted trustee under the will of John L. Roberts by the Probate Court of Middlesex County, Mass. On June 25, 1940, plaintiff obtained a decree from the Probate Court of Middlesex County, Mass., construing the said will. That decree fixed the time for final distribution as May 14, 1953. Pursuant to that decree, plaintiff prepared its thirteenth account, to which defendant assented. Plaintiff then made distribution. Approximately 10 months after making distribution, plaintiff then notified defendant that he, as one of the residuary heirs, had received an overpayment of his share of the residue to the extent of $825, to which certain other heirs were entitled, and requested repayment of the same, which request was refused by defendant. The overpayment was voluntary and was due to a mistake of law in plaintiff's preparation of its thirteenth account pursuant to the judicial construction of the will of testator. Plaintiff filed a complaint in assumpsit on June 17, 1955, seeking to recover the overpayment. On August 29, and September 9, 1955, the pleadings in the above captioned matter being closed, plaintiff and defendant respectively, moved for judgment on the pleadings.

The law of Pennsylvania is settled "that one who has voluntarily paid money with full knowledge, or means of knowledge of all the facts, without any fraud having been practiced upon him . . . cannot recover it back by reason of the payment having been made under a mistake or error as to the applicable rules of law": Kennedy's Estate, 321 Pa. 225, 233 (1936).

The law of Massachusetts is equally well settled "where the property in question was held upon a trust for the benefit of others who had no part in its erroneous delivery and payment by the petitioner trustee to the appellant. It is fundamental that in the hands of the appellant the property and proceeds thereof remained impressed with the same trust upon which they were held by the petitioner, subject to be followed into her hands and recovered from her by the petitioner or those entitled thereto": Old Colony Trust v. Wood, 321 Mass. 519, 526, 74 N. E. 2d 141, 145-46 (1947).

The question is, therefore, one of conflict of laws. What State's laws are applicable to this situation? A. L. I. Restatement of Conflict of Laws §453, provides as follows:

"When a person is alleged to have been unjustly enriched, the law of the place of enrichment determines whether he is under a duty to repay the amount by which he has been enriched."

The place of enrichment is clearly Massachusetts. Distribution was made there and the mailing of the legacy to defendant in Pennsylvania was merely for his convenience, sparing him the trip to the State of distribution. Furthermore, payment was not accomplished until the check was honored by the drawer bank in Massachusetts. Since the law of Massachusetts governs, plaintiff is entitled to restitution, and defendant is compelled to disgorge the overpayment.

And now, December 1, 1955, defendant's motion for judgment on the pleadings is overruled, plaintiff's motion for judgment on the pleadings is allowed, and it is ordered and directed that judgment be entered by the prothonotary in favor of plaintiff and against defendant for the sum of $910.10.