COLBY DILL & others *vs.* BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, & others.

Suffolk. May 3, June 21, 1961. — June 28, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Trust,* Exemption of trustee from liability, Distribution. *Public Policy.*

An article in a trust indenture, that the trustee "shall be entitled to take the opinion of counsel . . . concerning any questions arising under this indenture or in any way relating to the trust fund or to . . . [his] duties in connection with the trust and in all such matters to act in accordance with the opinion or advice of such counsel. No [t]rustee shall be liable . . . for any default of any . . . attorney . . . selected with reasonable care, but each [t]rustee shall be liable only for . . . [his] own individual acts or omissions in bad faith," was not contrary to public policy and barred maintenance of a petition by beneficiaries of the trust against the trustee to have him restore to the trust fund an amount of principal which he had distributed to another beneficiary in

good faith on advice of counsel selected with reasonable care, even if the distribution was premature and improper under the indenture.

PETITION IN EQUITY, filed in the Probate Court for the county of Suffolk on March 13, 1959.

The case was heard by *Mahoney, J.*

*William Minot,* for the petitioners.

*Rhodes G. Lockwood,* guardian ad litem, pro se, (*Henry G. Weaver, Jr.,* with him).

*John E. Rogerson,* (*Louis F. Eaton, Jr.,* with him,) for Boston Safe Deposit and Trust Company, trustee.

*Donald R. Anderson,* (*Calvin P. Bartlett* with him,) for Janet Dill Morton.

CUTTER, J.   This is a petition in equity (see G. L. c. 215, § 6) by four of the persons interested in a trust fund under an indenture of trust executed in 1927 by Joshua Dill.   The trustee has distributed part of the principal of the trust fund to one beneficiary, Janet Dill Morton.   The petitioners assert that the distribution to Janet was prematurely made and pray that the trustee be ordered to restore to the trust fund the amount distributed.   A guardian ad litem was appointed.

The probate judge entered a decree that the trustee need "not restore any sum . . . to the . . . trust fund" and dismissed the petition.   The petitioners and the guardian ad litem appealed.   The judge filed a report of material facts, later supplemented, upon the basis of which, together with matters established by the pleadings, we state pertinent facts.   Only the evidence taken immediately before the supplemental report of material facts has been reported.

The trust indenture was dated June 28, 1927, and was acknowledged by Joshua Dill on August 2, 1927.   He died April 18, 1928.   The trust company is now sole trustee. The indenture contained complicated provisions with respect to the distribution of income to Joshua, during his life, and to his three named children, during their lives, and of principal and income to issue (and the widows of certain issue) of Joshua's children, after their respective deaths.   Without describing the dispositions in detail in

this opinion, we say merely that competent lawyers could reasonably conclude either that the distribution of principal made by the trustee was authorized by the trust indenture or that it was not so authorized. Cf. *Digney* v. *Blanchard,* 226 Mass. 335, 337.

The trustee, before making the distribution to Janet, did not file a petition for instructions.[1] It did, however, make that distribution[2] after consulting counsel and upon oral advice (confirmed to some extent by written records) given to it by counsel. Such counsel was selected with reasonable care. The distribution was made without a formal request therefor by Janet but after notice to her and with her knowledge. The trust indenture (art. XIV) provided, inter alia, that the trustee *"shall be entitled to take the opinion of counsel . . .* concerning any questions arising under this indenture or in any way relating to the trust fund or to . . . [its] duties in connection with the trust *and in all such matters to act in accordance with the opinion or advice of such counsel.* No [t]rustee shall be liable . . . for any default of any . . . attorney . . . selected with reasonable care, but each [t]rustee shall be liable only for . . . its own individual acts or omissions *in bad faith"* (emphasis supplied).

1. Even if it be assumed that the distribution of principal to Janet was not proper, art. XIV, in the circumstances, bars the petitioners from the relief now sought from the trustee, viz. requiring restoration of the amount of the allegedly wrongful distribution of principal. Were it not for the exculpatory provision found in art. XIV, the trustee, if it made an improper distribution, would be liable for

---

[1] The trustee, however, filed on January 22, 1958, a petition for instructions with respect to the future distribution of income. A copy of this petition has been furnished to us, as a matter of information, but it is not now before us for decision.

[2] The probate judge found that actual distribution by the trustee bank to Janet was made by transferring trust funds to an agency account in her name in the trustee bank and that this transfer was made without an opinion of counsel. The specific method of transfer is not pertinent now where one issue is merely whether any distribution to Janet was proper. On the reported evidence, no finding was justified either that counsel was asked for advice on the specific method of making a transfer or that the transfer was to an agency account.

such a mistake, even if it had acted upon advice of counsel. See *Phillips* v. *Frye,* 14 Allen, 36, 38–39; *Ashley* v. *Winkley,* 209 Mass. 509, 527–528; *Old Colony Trust Co.* v. *Wood,* 321 Mass. 519, 526; Restatement 2d: Trusts, § 201, comment b; Scott, Trusts (2d ed.) §§ 174.1, 201; Bogert, Trusts and Trustees (2d ed.) § 541. See also note 70 Yale L. J. 978, 985–987. Apart from such an exculpatory provision, a trustee's protection against incurring such a liability would lie in filing a petition for instructions as to its duties. G. L. c. 215, § 6. See *Mackey* v. *Bowen,* 332 Mass. 167, 170; Restatement 2d: Trusts, § 259; Scott, Trusts (2d ed.) § 259.

Exculpatory provisions, especially as to professional trustees, are not looked upon with special favor by the law. If, however, such provisions are inserted in a trust instrument without overreaching of the settlor, they "are generally held effective except as to breaches of trust 'committed in bad faith or intentionally or with reckless indifference to the interest of the beneficiary' " or as to breaches from which the trustee has realized a profit. See *New England Trust Co.* v. *Paine,* 317 Mass. 542, 550, *S. C.* 320 Mass. 482, 486–487; *New England Trust Co.* v. *Triggs,* 334 Mass. 324, 329–333, 340, *S. C.* 337 Mass. 482, 339 Mass. 453; Restatement 2d: Trusts, § 222; Scott, Trusts (2d ed.) §§ 222–222.4; Bogert, Trusts and Trustees (2d ed.) § 542. See also *Warren* v. *Pazolt,* 203 Mass. 328, 346–347; *Anderson* v. *Bean,* 272 Mass. 432, 446–448.

We need not consider whether, standing alone, the provision of the second sentence of art. XIV (exculpating the trustee for breaches of trust except those "in bad faith") would extend to a premature distribution of trust funds to a beneficiary in violation of the trust disposition. By the first sentence of art. XIV the settlor has given to the trustee express power to rely upon the advice of counsel "concerning any questions . . . in any way relating to the trust fund . . . and in all such matters to act in accordance with the . . . advice." This is broad language and equates action upon the advice of counsel to action in good faith. In effect, the settlor (by a provision which in his discretion he

was entitled to insert with respect to the disposition of his property, see *North Adams Natl. Bank* v. *Curtiss,* 278 Mass. 471, 476–478; *Crabb* v. *Young,* 92 N. Y. 56, 65) has made counsel, selected by the trustee with reasonable care, a quasi arbiter of legal questions arising under the trust instrument so far as concerns the trustee's obligation to answer for any default arising by reason of acting upon the advice of counsel. Nothing in the report of material facts, as supplemented, properly affords basis for any inference that the trustee or counsel failed to act in good faith. Indeed, the express finding that the "[t]rustee acted in accordance with . . . [the] opinion and advice" of counsel in the selection of whom the trustee "used reasonable care," coupled with the conclusion in the decree that the trustee need not restore any money to the trust fund, imports action by the trustee in good faith. That advice of proper counsel was sought indicates reasonable care and prudence on the trustee's part. There is no suggestion of any gain to the trustee arising from the distribution. Indeed, in all probability, the distribution resulted in a diminution of the compensation paid to the trustee from the trust fund.

There are few decisions dealing with a similar exculpatory provision. See *In re Prudence-Bonds Corp.* 76 F. Supp. 643, 644 (E. D. N. Y.), *S. C.* sub nom. *Prudence-Bonds Corp.* v. *Prudence Realization Corp.* 174 F. 2d 288 (2d Cir.). The provision is not unconscionable or based upon overreaching or fraud and does not go beyond exculpatory provisions which have been sustained. See Scott, Trusts (2d ed.) § 201 at p. 1516, §§ 222–222.4; Bogert, Trusts and Trustees (2d ed.) § 542.

We perceive in art. XIV nothing so contrary to public policy as to lead us to disregard it in the present situation. We consider it as reasonably designed to minimize the necessity of resort to a court for instructions by making it possible for the trustee without risk to rely upon the advice of counsel. In the circumstances, art. XIV should be given effect to protect the trustee from the relief presently sought.

See *National Rockland Bank* v. *Johnston,* 299 Mass. 156, 157.

We do not view the present petition as seeking any recovery from Janet of any amount which she may be bound to repay, if in fact there has been a premature distribution of principal to her. Although Janet has asserted in her answer (see *National Rockland Bank* v. *Johnston, supra,* at p. 158) that the "distribution . . . [to her] was proper," the issue of her obligation to repay this sum has not been fully tried. See *Seder* v. *Kozlowski,* 304 Mass. 367. Cf. *Bleck* v. *East Boston Co.* 302 Mass. 127, 130. Relief against her may involve considerations (see *Old Colony Trust Co.* v. *Wood,* 321 Mass. 519, 526–527; Restatement 2d: Trusts, § 254; Restatement: Restitution, § 45, comment c; Scott, Trusts [2d ed.] §§ 254–254.2) somewhat different from those relevant to the specific relief against the trustee now sought. See *West* v. *Day Trust Co.* 328 Mass. 381, 383.

2. What has been said disposes of all that we should now decide. We recognize that art. XIV does not purport to make the trustee's action with the advice of counsel conclusive upon the beneficiaries and that, in connection with the pending petition for instructions (see footnote 1, *supra*), and perhaps other proceedings, the correctness of the interpretation of the trust indenture by counsel for the trustee may be in issue. In further proceedings on the petition for instructions facts may be presented and contentions argued that are not presently before us. It, therefore, seems inadvisable for us now to attempt any further interpretation of the trust indenture. See *National Shawmut Bank* v. *Morey,* 320 Mass. 492, 494, 497–501.

3. The final decree is affirmed. Costs and expenses of these appeals are to be in the discretion of the Probate Court.

*So ordered.*