MARION LILLEY vs. NORMAN RICH & others.[1] No. 88-P-578. November 1, 1989. *Condominiums,* Declaration of trust. *Trust,* Personal liability of trustee. *Damages,* Attorney's fees.

The plaintiff recovered a judgment ordering the defendant Rich, who owned the condominium unit directly above the plaintiff's, to remove a balcony he had constructed with the approval of the condominium trustees but without notice to her. Rich has effected the removal and does not now contest the correctness of that portion of the judgment. On appeal the trustees contest the portions of the judgment awarding damages against them for the period during which the balcony interfered with the light reaching the plaintiff's window; and the trustees and Rich both contest the order requiring them to pay the plaintiff's reasonable attorney's fees.

Both points are well taken. The condominium trust agreement provided that the "[t]rustees shall be liable only for wilful breach of trust . . ." and that "[t]he [t]rustees shall not be liable for errors of judgment in . . . conducting the business of the [t]rust . . . or for any act or omission to act performed or omitted by them in the execution of their office in good faith." The judge's findings (and the evidence on which they were based) showed at most an unduly casual attitude by certain of these nonprofessional trustees towards their obligation "to provide and insure dignified, peaceful and harmonious residential accommodations . . . to be used for the benefit of the [u]nit [o]wners . . . ." The evidence did not warrant the conclusion that "the [t]rustees display[ed] a wilful neglect of their duties amounting to reckless indifference." There was no suggestion of "dishonest purpose or some moral obliquity," of "conscious doing of wrong," or of a "motive of interest or ill will." *Spiegel* v. *Beacon Participations, Inc.*, 297 Mass. 398, 416-417 (1937). See *New England Trust Co.* v. *Paine*, 317 Mass. 542, 550-551 (1945); *Dill* v. *Boston Safe Deposit & Trust Co.*, 343 Mass. 97, 100-101 (1961); *Hartford Acc. & Indem. Co.* v. *Millis Roofing and Sheet Metal, Inc.*, 11 Mass. App. Ct. 998, 999-1000 (1981); *Boston Safe Deposit & Trust Co* v. *Boone*, 21 Mass. App. Ct. 637, 644 (1986).

The usual rule barring recovery of counsel fees as part of damages (*Chartrand* v. *Riley*, 354 Mass. 242, 243-245 [1968]), governs as to Rich. There can be no plausible application to him of the exception delineated by *M.F. Roach Co.* v. *Provincetown*, 355 Mass. 731 (1969). The plaintiff was not compelled to sue the trustees to protect her rights. Contrast *Mutual Fire, Marine and Inland Ins. Co.* v. *Costa*, 789 F.2d 83 (1st Cir. 1986), where the broker's negligence required Costa to defend the suit by the insurer. Because of the exculpatory clauses we need not consider the applicability of the *M.F. Roach Co.* exception to the trustees.

---

[1] Five individuals as trustees of the Prince Condominium.

The judgment is modified by striking the provisions for damages against the trustees and for attorneys fees against all defendants.

*So ordered.*

*Alexander H. Pratt, Jr.,* for Jerrold A. Olanoff & others, trustees.
*John Livingston Kerr* for Norman Rich.
*Florence M. Berke* for the plaintiff.