Hely, J.
I. INTRODUCTION
The elected unit-owner trustees of a residential condominium have brought suit against the former trustees appointed by the developer. The plaintiffs primarily allege breaches of fiduciary duly by the former trustees. Applying the business judgment rule, only the most egregious of these breach of fiduciary duty claims can survive summary judgment. The summary judgment principles to be applied are stated in Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991).[1]
II. ALLEGATIONS OF BREACH OF FIDUCIARY DUTY AND BAD FAITH BY TRUSTEES OF THE CONDOMINIUM TRUST (COUNT I)
A. The Business Judgment Rule
Trustees of a condominium trust owe a fiduciary duty to the unit owners collectively. This is a duty of loyalty and good faith. Although our appellate cases have not yet explicitly addressed the issue, I am convinced that the business judgment rule adopted by *448 the Court of Appeals of New York is the appropriate standard to be applied to claims against trustees of a condominium trust. Levandusky v. One Fifth Avenue, 75 N.Y.2d 530, 537-39 (1990); Macrides v. Mannix, Plymouth Superior C.A. 89-01618A: 89-0592, Findings, Rulings and Order (R.L. Steadman, C.J.; March 18, 1991) (applying Levandusky business judgment rule). Under this standard, trustees are not liable for actions “taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance” of the interests of the unit owners. 75 N.Y.2d at 538.
The most basic meaning of the term fiduciary duly is a duty to act with good faith towards the interests of the unit owners. So long as the trustees have not breached this fiduciary duly, “the exercise of [their powers] for the common and general interests of the . . . [unit owners] may not be questioned, although the results show that what they did was unwise or inexpedient.” Id.
The board of trustees “owes its duty of loyalty to the . . . [unit owners] — that is, it must act for the benefit of the residents collectively.” Id. So long as the board acts “for the purposes of the . . . [association of unit owners] within the scope of its authority and in good faith, courts will not substitute their judgment for the board’s.” Id. Unless a plaintiff challenging the trustees’ action “is able to demonstrate a breach of this duty, judicial review is not available.” Id.
Negligence or a failure to use reasonable care in a trustee’s management decision does not amount to a cause of action against a condominium trustee. The court will not inquire into the reasonableness of a trustee’s decision. Levandusky, 75 N.Y.2d at 538. A bad result does not make a cause of action for the unit owners, even if an unreasonable business decision produced that bad result.
B. Application to the Present Claims
This standard of review is consistent with the provision in the Declaration of Trust in this case providing for limited liability of trustees. Under Article 3, §14, of the Declaration of Trust, trustees “shall not be liable to the Unit Owners for any mistake of judgment, negligence, or otherwise, except for their own individual wilful misconduct or bad faith.” A similar condominium trust agreement provision was applied by the Appeals Court in Lilley v. Rich, 27 Mass.App.Ct. 1212 (1989). The court in Lilley held that the judge’s findings showed at most an unduly casual attitude by certain of the nonprofessional trustees towards their obligation to the unit owners. The evidence in Lilley did not warrant the conclusion that “the [t]rustees displayed] a wilful neglect of their duties amounting to reckless indifference.”
In applying the Levandusky business judgment rule and the limited liability clause to this case, the court must recognize that the defendants are the developer trustees who controlled the trust prior to the election of new trustees by the unit owners. This does not change the standard of review, but the defendants’ positions as developer trustees at least hypothetically permitted a greater potential for conflicting interests.
The court has carefully reviewed the summary judgment materials including the affidavits, deposition excerpts and answers to interrogatories. Applying the Levandusky standard to the claims against the condominium trustees in Count I, I conclude that the plaintiffs’ materials are sufficient to raise a genuine, material fact issue of breach of fiduciary duty based on the totality of three claims: (1) alleged failure to correct substantial defects in grading, water drainage and retaining walls and to prevent substantial water damage to the buildings; (2) alleged failure to correct substantial problems in the sewage facility; and (3) alleged failure to collect common charge assessments from the developer. The Molleur, Murphy and Nordin affidavits, the Nordin letters to a trustee, and the internal memorandum between two trustees help make out genuine fact issues on these three areas.[2]
A gross failure to correct substantial deficiencies in water drainage, retaining walls, the sewage facility, and collections from the developer may be sufficient in some circumstances to show a lack of good faith and a breach of fiduciary duty by developer trustees in control of a condominium trust. Negligence or poor management would not be enough, but a gross dereliction of duty in such important matters might be enough.
The summary judgment materials are insufficient to support a claim of breach of fiduciary duty based on the remaining management deficiencies identified in the plaintiffs’ memorandum. The summary judgment materials show an absence of evidence to support a claim that the contracts with Smith Realty Management, Inc. or the management by that firm amounted to bad faith or a breach of fiduciary duty. The rental program and the allegedly deficient records may not even show negligence, and they surely do not support a claim of bad faith. Claims about lighting, carpeting, and the expenses of the rental program and the on-site maintenance man are classic questions of business judgment that cannot support a claim for breach of fiduciary duty.
C. Limitations and Repose
The defendants have not shown that their statute of limitations defense entitles them to summary judgment on the claims against the defendants as trustees of the Condominium Trust. The trustees of the Trust are the only persons with authority to bring suit on behalf of the owners collectively. The elected unit-owner trustees did not take control of the Condominium Trust until April 28, 1992. Before that, the Condominium was in the control of the developer trustees. They were not apt to sue themselves. Assuming arguendo that there was a breach of fiduciary duty by the developer trustees, the elected unit-owner trustees had no legal capacity to bring suit until they took over in April, 1992. For this reason, a cause of action for breach of fiduciary duty against the developer trustees could not have accrued on this count *449 until the elected unit-owner trustees took over on April 28, 1992. Libman v. Zuckerman, 33 Mass.App.Ct. 341, 345 (1992). The elected unit-owner trustees brought suit on March 19, 1993, and this was less than three years after their cause of action accrued.
The six-year statute of repose for claims of negligence in the design or construction of improvements to real property (G.L.c. 260, §2B) does not apply to the claims against the condominium trustees for breach of fiduciary duty. The surviving breach of fiduciary duty claims are based on alleged failures to properly correct and maintain the grading, drainage, retaining walls and sewage facility, and these claims are not based on negligence in the design, planning, construction, or administration of construction of these improvements.
III. CLAIMS AGAINST THE DEFENDANTS AS TRUSTEES OF ST. THOMAS REALTY TRUST (COUNT II)
The six-year statute of repose in G.L.c. 260, §2B, defeats the claims against the defendants as trustees of St. Thomas Realty Trust. The Declaration of Trust of the Summer Hill Condominium Trust was recorded on March 24, 1987. As of that date, the defendants controlled the condominium in their capacity as trustees of the Condominium Trust and not as trustees of St. Thomas Realty Trust.
Any claim against the defendants as trustees of St. Thomas Realty Trust can only be based on conduct occurring before March 24, 1987. The only arguable legal duty that the trustees of St. Thomas Realty Trust owed to the unit owners collectively was a duty in tort or contract to use reasonable care in the design or construction of the common elements.
The common elements at issue here are the grading and drainage, the retaining walls, and the sewage facility. The original complaint in this case was entered on March 19, 1993. The claims against the trustees of St. Thomas Realty Trust are barred by the statute of repose because the opening of these common improvements to use or their substantial completion and possession for occupancy by the owner occurred before March 19, 1987. The plaintiff has not pointed to any summary judgment materials that would show that the grading, drainage, retaining walls, or sewage facility became open to use at a later date.
IV. CLAIMS AGAINST THE DEFENDANTS AS OFFICERS OF SUMMER HILL DEVELOPMENT CORPORATION (COUNT II)
The plaintiffs’ summary judgment materials have not shown a basis for piercing the corporate veil and allowing suit against the officers of Summer Hill Development Corporation as opposed to an action against the corporation itself. The summary judgment evidence does not show confused intermingling of assets, nonobservance of corporate formalities, or deceptive conduct to others regarding the existence of corporate status. See My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 620 (1969); Evans v. Multicon Construction Corp., 30 Mass.App.Ct. 728, 732-33 (1991).
V.ORDER
Summary judgment is ordered for the defendants Guerriere, Buscone, and Pyne on all claims against them in Count I of the amended complaint except the claims that allege breaches of fiduciary duty based on the total effect of alleged failures to carry out their fiduciary duty regarding the grading and water drainage, the retaining walls, the sewage facility, and the collection of condominium charges from the developer.
Summary judgment is ordered for the defendants Guerriere, Buscone and Pyne on the claims in Count II of the amended complaint.

The claims of the plaintiffs as the trustees of the Condominium Trust are limited to damages to common elements. Their claims cannot include damages to individual units. See Cigal v. Leader Development Corp., 408 Mass. 212, 215-216 (1990). The amended complaint does not appear to allege claims for damage to individual units, but if it did such damages would not properly be part of this case.

The materials show sufficient expert qualification and personal knowledge to warrant a denial of the defendants’ motion to strike these affidavits with respect to the three fact issues that are genuine and material.