HARRY S. ROBERTSON *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Middlesex.    November 14, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Practice, Civil,* Exceptions.    *Rules of Court.    Negligence.    Carrier,* Of passengers.    *Street Railway.*

Under Rule 48 of the Superior Court a judge of that court may receive a request for an instruction after the closing arguments and allow an exception to his refusal of the request.

If a person boards a street car, which has stopped to allow another person to alight, erroneously supposing that it is going to his destination, and, on the conductor calling out "This car goes to the stables only," tries to alight from the car and is injured by its suddenly starting, he cannot maintain an action for his injuries against the company operating the car if it has exercised ordinary care, because the company has not accepted him as a passenger at the time of the accident, and he himself has abandoned the intention of becoming a passenger on hearing the announcement made by the conductor.

MORTON, J.   The plaintiff, with some companions, boarded in Revere at half past eleven in the evening of April 20, 1902, a car belonging to the defendant, thinking that it was the proper car to take him to his home.   The car had stopped at a stopping place upon a signal from another person, meaning, as we construe the exceptions, some other person who wished to alight. After the plaintiff had boarded the car and taken a seat the conductor called out, "This car goes to the stables only," in consequence of which, after several of the plaintiff's companions had left the car, he attempted to get out, and, as he was doing so, the car suddenly started and threw him causing the injuries complained of.   The stables, if that is material, were in the direction in which the plaintiff was going.

The plaintiff alleged in his declaration that he "boarded one of said company's cars in said town with the intent of becoming a passenger, that while he was in the act of alighting . . . and in the exercise of due care, he was thrown to the street, in consequence of the sudden starting of the car," etc.

The judge instructed the jury "that the defendant owed to the plaintiff the duty of ordinary care only, and that he had not the rights of a passenger, as he had not claimed in his declaration that he was a passenger." At the conclusion of the charge the counsel for the plaintiff handed to the judge for the first time a written request, that the jury be instructed that, if they found that the plaintiff boarded the car intending to become a passenger, then the defendant was bound to exercise the same degree of care towards him as towards a passenger. The judge declined to instruct the jury as thus requested, and saved the plaintiff's exception thereto, understanding that the whole question as to the degree of care was raised by and saved to the plaintiff. Thereupon the defendant excepted to the giving by the presiding judge of an exception to the plaintiff after the arguments and charge had been completed. There was a verdict for the defendant and the case is here on the plaintiff's exceptions to the refusal of the judge to instruct the jury as above requested.

The defendant objects that under Rule 48 of the Superior Court the exceptions are not properly here because the request was not made before the closing arguments. But there is nothing in that rule to prevent the presiding judge from receiving and passing, if he so elects, upon requests for instructions presented for the first time after the closing arguments and allowing an exception to the party aggrieved by the giving or refusing of them. Receiving requests for instructions and giving or refusing them and allowing the aggrieved party an exception is in effect giving the special leave to present them that is provided for in the rule. The rule does not mean that leave must be obtained to present requests later, but that requests presented later cannot be entertained without the leave of the judge.

Upon the undisputed facts the plaintiff had not been accepted by the defendant as a passenger at the time of the accident, and had himself abandoned the intention of becoming one upon hear-

ing the announcement by the conductor. The judge therefore properly instructed the jury that the defendant was bound to exercise ordinary care only. See *Webster* v. *Fitchburg Railroad*, 161 Mass. 298; *Jones* v. *Boston & Maine Railroad*, 163 Mass. 245.

*Exceptions overruled.*

*J. C. Woodman,* (*C. Toye* with him,) for the plaintiff.

*E. P. Saltonstall,* (*S. H. E. Freund* with him,) for the defendant.