WALTER C. TOMLINSON, administrator *de bonis non* with the will annexed, *vs.* MICHAEL A. FLANAGAN & another.

WALTER C. TOMLINSON, administrator *de bonis non* with the will annexed, *vs.* SAME.

Essex.     March 6, 7, 1934. — June 6, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Probate Court*, Jurisdiction, Determination of attorney's fees. *Executor and Administrator*. *Attorney at Law*.

A probate court has jurisdiction of a petition by an administrator *de bonis non* with the will annexed to have determined, under G. L. (Ter. Ed.) c. 215, § 39, the amount due an attorney at law for services rendered to the petitioner's predecessor as administrator.

One, who was the administrator with the will annexed of the estate of a
decedent, employed an attorney for various purposes in connection
with his administration, including hearings on disputed accounts. The
attorney received a sum of money for the estate, and, upon the adminis-
trator demanding it, turned over to him only a balance left after deduc-
tion of a sum which the attorney fixed upon as due him for services
and disbursements. The administrator then resigned and a successor
was appointed, who brought a petition under G. L. (Ter. Ed.) c. 215,
§ 39, to have the amount due the attorney for services determined.
The judge, among other facts, found that by his conduct the attorney
was delaying the settlement of the estate and that his conduct should
be considered in determining what the value of his services to the
estate might be. A decree was entered "that there is due" the attor-
ney "for legal services in connection with the administration of the
estate" only a part of the amount the attorney claimed, "and for
expenses" a certain sum, "and that this [total] amount should be paid
from the estate." The attorney appealed. *Held,* that

(1) The decree in ordering payment out of the estate of the entire
sum named therein was in fact an adjudication of the amount due
the attorney for which the estate was chargeable in the accounting
of the petitioner's predecessor, the administrator who employed the
attorney;

(2) Whether the attorney had a further claim against the previous
administrator personally under his contract of employment was not
before this court on the appeal;

(3) The decree of the Probate Court was affirmed.

Two PETITIONS, filed in the Probate Court for the county
of Essex on September 22, 1933, by the administrator *de
bonis non* with the will annexed of the estates of two de-
cedents, for determination, under G. L. (Ter. Ed.) c. 215,
§ 39, of amounts due attorneys for services.

The petitions were heard together by *Dow,* J. From
findings by the judge, it appeared that on November 1,
1933, the petitions had been assigned for hearing in Salem
on November 8, 1933, after conference with the attorney
respondents; and that the day before November 8 the
respondents had written the court and the counsel for the
petitioner that, because of an engagement before a master
in Boston, they trusted that the court would continue the
hearing to a later date. Material facts found by the judge
on the main issue before him are stated in the opinion.
Among others was a finding "that by their conduct they
[the respondents] are delaying the settlement of said
estates and that their action should be considered in deter-

mining what the value of their services to said estate may be." The record disclosed no other basis upon which the judge acted in his determination of the amount to be awarded to the respondents for services. They submitted to the petitioner's predecessor a statement showing $850 due them from him for services to him as administrator of the estate of Charles J. Keefe, and $750 due them for services to him in the matter of the estate of Margaret C. Keefe.

By order of the judge, a decree was entered in the matter of the estate of Charles J. Keefe, "that there is due the respondents for legal services rendered to said administrator $150; for services in foreclosing a mortgage $120; for payment to one Cuddy for insurance $92.04 and for expenses in connection with the administration of the estate $20.85 making the total amount due which should be paid out of the estate $383.74"; and a decree was entered in the matter of the estate of Margaret C. Keefe, "that there is due the respondents for legal services in connection with the administration of the estate $150 and for expenses $23.45 making a total of $173.45 and that this amount should be paid from the estate." The respondents appealed.

*B. E. Smith,* (*W. C. Tomlinson* with him,) for the petitioners.

*J. J. Fox, Jr.,* for the respondents.

PIERCE, J. These cases are two appeals from decrees of the Probate Court, filed November 9, 1933, allowing the petition of Walter C. Tomlinson, administrator with the will annexed of the estate not already administered of Charles J. Keefe, late of Lawrence in the county of Essex, deceased, and the petition of Walter C. Tomlinson, administrator with the will annexed of the estate not already administered of Margaret C. Keefe, late of Lawrence in the county of Essex, deceased, praying that the court, in accordance with the provision of G. L. (Ter. Ed.) c. 215, § 39, determine the amount due Michael A. Flanagan and John J. Fox, junior, for attorneys' fees in connection with the administration of said estates. Each appeal presents the same issues of law for the consideration of this court.

The material facts found by the judge of probate, at the request of the appellants, are in substance as follows: Charles J. Keefe died March 12, 1927, testate, leaving his property to his wife, Margaret C. Keefe, who was appointed executrix. The appellants Michael A. Flanagan and John J. Fox, junior, were employed by her to probate the will, prepare and file the inventory and give notice of her appointment. She was appointed executrix May 4, 1927. She died November 13, 1928, testate. On April 26, 1929, Raymond V. Keefe was appointed administrator with the will annexed of the estate not already administered of Charles J. Keefe, and, on January 30, 1929, was appointed administrator with the will annexed of said Margaret C. Keefe. He employed the appellants to procure his appointment in each case, and they did the necessary work in the Probate Court to this end. After his appointment said Raymond V. Keefe told Mr. Flanagan that he wished to settle the estates as fast as he could. Nothing was done to close the estates until March, 1932, when a petition was filed asking the court to order the administrator in each estate to file an inventory and an account. On April 7, 1932, an inventory was filed in each estate. On the same date an account in each case was filed which was subsequently amended to meet objections made. On January 31, 1933, after a hearing lasting several days, the accounts were allowed in a modified form, various credits and claims of the accountant being disapproved. At the hearing there were in issue credits claimed by the accountant and failure to account for moneys received, which, it was alleged by the objectors, were moneys the accountant was accountable for. In said hearings the appellants represented the accountant for the purpose of contesting said objections and of sustaining the accounts. On June 7, 1933, Raymond V. Keefe resigned as administrator with the will annexed of the estates of Charles J. Keefe and of Margaret C. Keefe and his resignations were accepted June 26, 1933. On the same day the petitioner was appointed in his place. There is in the possession of the appellants about $1,700 belonging to the estate of Charles J. Keefe, which was received by

them through a foreclosure of a mortgage belonging to the estate. Before his petitions for resignation were filed Raymond V. Keefe demanded said money from the appellants and received from them a check dated June 30, 1933, for $47.90, with a statement of account for legal services rendered in connection with each estate, and their own receipted bills for such services, amounting to $1,817.60, against a credit of $1,865.50.

The appellants contend (1) that the court did not have jurisdiction to enter the decrees upon the allegations of the petitions and the facts found and reported by the court; (2) that, if the court had jurisdiction to enter the decrees, it adopted erroneous principles, or rules of law, in computing the amount allowable properly to the appellants, in that it allowed them for such services only as were "beneficial to the estates" (a ruling, in effect, that the appellants were not entitled to be allowed on the present petitions for all services rendered by them at the instance of said Raymond V. Keefe), and in that the court considered the so called conduct of the appellants in determining the value of their services to said estates, that is, their services which were "beneficial to the estates"; and (3) that the court acted improperly and unwarrantedly in proceeding to hear and determine the instant petitions in the absence of the respondents, who had no opportunity to give evidence or to be heard in argument after the appellants had brought properly to the attention of counsel and the court that one of the appellants was actively engaged at the time of the hearing on the instant petitions at a continued hearing before a master of the Superior Court.

These petitions are brought under G. L. (Ter. Ed.) c. 215, § 39, which reads: "Probate courts may ascertain and determine the amount due any person for services as appraiser, for premiums of surety companies for acting as surety upon the official bonds of administrators, executors, trustees, guardians, conservators or receivers, or for services rendered by any person in connection with the administration of the estate of a deceased person, or with

the administration of any trust, guardianship, conservator-
ship or receivership; and payment of said amount when
ascertained and determined to be due may be enforced
summarily by said court upon motion of the person to
whom the amount is due in the same manner as a like pay-
ment under a decree in equity may be enforced, and execu-
tion may also be issued therefor against the executor,
administrator, trustee, guardian, conservator or receiver
personally as upon a judgment at law."

In support of their contention that the court did not
have jurisdiction to enter the decrees establishing the
amount due the appellants for legal services in connection
with the two estates, or, if it had jurisdiction it adopted
erroneous principles in computing what sums should be
paid the appellants for legal services rendered and for
expenses incurred in connection with the administration
of the two estates, the appellants contend that there is
nothing in G. L. (Ter. Ed.) c. 215, § 39, to indicate a legis-
lative intent that a probate representative of a deceased
person should have a right to have determined the amount
due to a person with whom such representative did not
contract at any time; that the only intent of G. L. (Ter.
Ed.) c. 215, § 39, is to make available to a person to whom
any amount was due for services comprehended within the
statute a summary mode of having the amount due ascer-
tained, and the payment thereof enforced summarily, in
lieu of being obliged to litigate the matter and extent of
liability primarily in a court of law or equity. They further
direct the attention of the court to the fact that Raymond
V. Keefe, the legal representative of the estates, with whom
they contracted, was and is the only person against whom
the court might, summarily, under the statute, enforce
payment of the amount determined to be due in the same
manner as a like payment under a decree in equity may be
enforced; and that under the instant statute the court
could not properly have issued execution against the peti-
tioner personally as upon a judgment at law, for the reason
that the petitioner never incurred any contractual liability
to the appellants. The appellants on their brief do not

directly contend that they, as one of the classes that have rendered services in connection with the administration of the estate of a deceased person, are the only ones who can invoke the aid of the Probate Court to determine the amount due them for such services, but do contend that the petitioner cannot invoke the aid of the Probate Court to determine the amount due the appellants for legal services rendered a former administrator because no judgment could properly issue against the petitioner personally; and that the decrees appealed from on the facts disclosed were invalid for the reason that the Probate Court had no jurisdiction to enter them.

We think the Probate Court had jurisdiction to order the decrees in fact made. Raymond V. Keefe had contracted with the appellants to render legal services in connection with the administration of both Keefe estates, and such services were rendered by them. They collected through a foreclosure sale assets of the estate of Charles J. Keefe amounting to $1,865.50 and retained them, asserting a right to deduct therefrom $1,817.60 for legal services and expenses rendered and paid in connection with the administration of the two estates and the foreclosure proceedings. The sums admitted by the appellants to have been collected in such proceedings were assets of the estate of Charles J. Keefe. They were held by the appellants for Raymond V. Keefe, administrator, in trust for the estate of Charles J. Keefe, which was in process of settlement in the Probate Court. The appellants charged with the trust money refused to turn it over to Raymond V. Keefe, and, since his resignation and the appointment of the petitioner in his stead and place, have made no reply to the petitioner's written demand, as administrator, for the payment to him of said trust money. The general rule is that attorneys at law, employed by a personal representative of a decedent to furnish legal services and make incidental disbursements in behalf of and for the benefit of the estate, have no claim against the estate as such for legal services rendered and incidental expenses incurred or disbursed in connection with the administration of the estate, but must look to the

personal representative of the estate who employed them
for the settlement of their claim, the representative of the
estate being entitled to reimbursement from the estate for
reasonable attorneys' fees and disbursements necessarily
incurred in the administration of the estate. *Kingman* v.
*Soule,* 132 Mass. 285, 288. *Durkin* v. *Langley,* 167 Mass.
577, 578. *Eaton* v. *Walker,* 244 Mass. 23, 30, and cases cited.

In passing it may be noted that the personal representa-
tive of the estate of a deceased person in process of settle-
ment in the Probate Court is not liable personally for
services rendered the estate which he represents without
his consent, and the estate cannot be charged for such
services *de bonis testatoris.* *Luscomb* v. *Ballard,* 5 Gray,
403, 405. *Mason* v. *Pomeroy,* 151 Mass. 164. *King* v.
*Stowell,* 211 Mass. 246, 251. In a proper case it may be
possible by way of equitable substitution for a creditor
rendering services beneficial to the estate to enforce the
claim against the estate, as, for example, when an executor
employing an attorney is insolvent but would have a right
to have upon an accounting items for legal services rendered
the estate and beneficial to the estate allowed by the Pro-
bate Court. *King* v. *Stowell,* 211 Mass. 246, 251.

It is plain that the appellants, on the facts, had no legal
or equitable right to apply the trust money in their posses-
sion to the payment of their general claim against Raymond
V. Keefe, and equally plain that they should have turned
over the trust money intact to the petitioner upon his suc-
cession to Raymond V. Keefe. It is provided in G. L.
(Ter. Ed.) c. 215, § 40, that "If an executor, administrator,
guardian, conservator, trustee or receiver resigns or is
removed, and neglects or refuses to deliver to his successor
all property held by him under the trust, the probate court
may, upon application of such successor or any person bene-
ficially interested, order such delivery made, and shall
have like powers for enforcing such order as are given to
it by section thirty-four." It thus appears that it was the
duty of Keefe under the statute, on his resignation, to turn
over the trust money to the petitioner on his appointment
in succession to Keefe. It is obvious that the Probate

Court, in passing upon the allowance of the account of Raymond V. Keefe and, incidentally, upon the inventory to be filed by the petitioner, was required to determine the reasonableness of the claim of the appellants, as also the question whether the legal services rendered by the appellants and the money expended by them were beneficial to the estates; and further whether the appellants should be allowed to retain from the money assets of the estate held by them, a sum which Keefe, paying, would be allowed by the Probate Court in settling Keefe's account. As to the jurisdiction of the Probate Court to order the decrees in fact made under G. L. (Ter. Ed.) c. 215, § 39, see *Mulloney* v. *Barnes*, 266 Mass. 50, 54; *Conley* v. *Fenelon*, 266 Mass. 340, and *Ginzberg* v. *Wyman*, 272 Mass. 499.

The decrees ordering the payment out of the estates of the sums named therein were in legal effect an adjudication of the amount due the appellants for which the estates were chargeable in the Raymond V. Keefe accounting. Whether the appellants have a further claim against Raymond V. Keefe, individually, under the contract of employment is not before this court on these appeals.

On the facts found there was no error in the order that the trial should proceed in the absence of the appellants.

*Decrees affirmed.*