THOMAS GIBBONS *vs.* EDWARD J. DAVIS.

Suffolk.    February 8, 1949. — April 29, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Practice, Civil,* Requests, rulings and instructions, Charge to jury.

A request for a ruling, presented at a trial before a jury at the conclusion
    of the charge without any special leave having been given under Rule
    71 of the Superior Court (1932), had no standing as such and no excep-
    tion could be based on a refusal to grant it.
No error appeared in the denial of a request, presented at the conclusion
    of the charge to the jury at the trial of an action upon a check, for a
    ruling in substance that, if the jury found that the check was delivered
    to the plaintiff on a condition which he had not met, the check was

invalid, even if the request be interpreted as directing attention to an alleged omission to charge on its subject matter, where it appeared from the record that such subject matter was dealt with in the charge and that there was no other criticism of the charge.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 25, 1948.

On removal to the Superior Court, the action was tried before *Morton*, J.

*L. L. Landers*, (*E. J. Davis* with him,) for the defendant.
*H. J. Williams*, for the plaintiff, submitted a brief.

WILKINS, J. On or about April 1, 1946, or earlier, the defendant delivered to the plaintiff a check, dated May 1, 1946, drawn on a Boston bank, and payable to the order of the plaintiff in the amount of $1,500. Either at the time the check was delivered or a few days later the plaintiff handed $1,000 in cash to the defendant. This is an action of contract for the amount of the check less a credit of a payment of $100. The answer contains a general denial, and sets up payment, partial failure of consideration, want of consideration, and the further defence that "said check was delivered by the defendant to the plaintiff upon the sole condition that the check would not be used or be valid unless and until $1,500 was paid by the plaintiff to the defendant; that the plaintiff failed to perform the said condition and that said check is invalid." At the trial there was evidence from the plaintiff that he was to receive a $500 "bonus" for the $1,000 "advanced," and evidence to the contrary from the defendant that the check was delivered on condition that he should receive $1,500 from the plaintiff. Other issues presented by the evidence were whether a note for $1,000 given the plaintiff by the defendant was in payment of the check, possession of which continued in the plaintiff, and whether the $100 payment was on account of the principal obligation or on account of interest and costs. The jury returned a verdict for the plaintiff in the amount of $1,579.60.

The only exception argued by the defendant is to the denial of the following request for instructions made at the

conclusion of the charge: "That if the jury finds that the check was delivered on condition that $1,500 should be paid by the plaintiff to the defendant and only $1,000 was paid, that the condition of delivery not having been met the check itself is invalid and that the verdict should be for the defendant." See G. L. (Ter. Ed.) c. 107, § 38.

Requests for instructions must be made in writing before the closing arguments unless special leave is given to present them later. Rule 71 of the Superior Court (1932). As such special leave does not appear to have been given, the request had no standing as such, and no exception can be based on the refusal to grant it. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 379. *Commonwealth* v. *Hassan*, 235 Mass. 26, 30–31. *Commonwealth* v. *Allen*, 256 Mass. 452, 455. *Commonwealth* v. *Lammi*, 310 Mass. 159, 164–165.

The defendant, however, relies upon *Mahoney* v. *Gooch*, 246 Mass. 567, 571, where it was said, "A judge should instruct the jury fairly, clearly, adequately, and correctly concerning principles that ought to guide and control their action. This duty is not affected by the absence of specific requests by counsel, and, where attention is properly directed to the omission and it is not remedied, an exception may be sustained if necessary to render substantial justice." See *Brick* v. *Bosworth*, 162 Mass. 334, 337–338; *Pelatowski* v. *Black*, 213 Mass. 428; *Commonwealth* v. *Johnson*, 250 Mass. 320, 323–324; *Hughes* v. *Whiting*, 276 Mass. 76, 79; *Commonwealth* v. *Moore*, 323 Mass. 70, 77.

The present case does not fall within this principle. We cannot accept the defendant's contention that the "court completely failed to charge the jury on the law on the issue of conditional delivery" raised by the answer. At the outset the judge instructed the jury: The "plaintiff is entitled to recover $1,500 with interest, unless the defendant has proved to you some facts to show that he is not entitled to recover that amount. That is, if a man loans the other $1,000 and for that he receives a check for $1,500, he is entitled to recover the $1,500. You can call it bonus or interest or accommodation, or what you will. He is entitled

to recover the full amount of the check. So, Mr. Gibbons can recover the full amount, as said before, unless the defendant has proved to you some facts showing that he doesn't owe the $1,500 or any part thereof. . . . And he [Gibbons] agreed to give him [Davis] $1,500 — that's the testimony of Mr. Davis — and he [Davis] gave him [Gibbons] a check. . . . Mr. Davis says, 'I want $1,500; that's what you agreed to give me. You either give me the $1,500 or give me back my check.' Well, the burden is on Mr. Davis to prove to you that that is what took place. And under those circumstances, the recovery is limited to $1,000, subject to what I shall say on that in a minute." The judge then referred to the payment of $100 from the defendant to the plaintiff, and his recollection of the defendant's testimony that the $100 was paid as interest and costs on account of the $1,000. The jury were next instructed with respect to the issue whether the note for $1,000 was given in full payment for the check. The charge concluded: "The net result of all this is that Mr. Gibbons is entitled either to a verdict for $1,000 with interest from date of the writ; that is, if it is proved to you that there was some condition imposed by Mr. Davis at the time that he gave the check, that he was to receive $500 for [*sic*] cash from Mr. Davis, if he has proved that to your satisfaction. But Mr. Gibbons is still entitled to his $1,000, because as I said before, the $100 he received, Mr. Davis concedes, was for interest and costs in regards to what he owed. So, your verdict will either be for $1,000 with interest at 6% from the date of the writ, or, your verdict will be $1,400. Because if he recovers the $1,500, of course any payment on account will be deducted from that. It will be $1,400 with interest from May 1. And as I said before, your verdict will be in a larger amount unless the defendant has proved to you it should be in a smaller amount." After a discussion with counsel the judge left it to the jury's recollection whether the defendant's testimony was that the $100 payment was for interest and costs relative to the note, and he also cor-

rected his previous instructions so that if the jury should find in the larger amount, interest would run from the date of the check, but if it should find in the smaller amount, interest would run from the date of the writ.

It was at this point that the defendant submitted his request and excepted to its denial. Except in so far as the making of the request can be so interpreted, he made no statement in criticism of the charge. In any event, there was no omission to charge on the issue of conditional delivery. The exception cannot be sustained.

The defendant objects that the judge "misdirected the jury on the subject [of conditional delivery] by ordering the jury to find for the plaintiff in any event." Without deciding whether the objection is sound, we need only say that there is no exception raising this question.

*Exceptions overruled.*