No. 4671
## GIOVANNIA BLANDINO ET AL
### v.
## JOHN CALEVRO
(September 28, 1953)

*Cavan, J.* This is an action of contract to recover for use and occupation of a shoe repair shop located on premises belonging to the plaintiffs.

Vincenzo Centamo was a tenant at will of a cobbler shop at 450A Dudley Street, in Roxbury, for about two years prior to his death, which occured on September 16, 1951. The building in which this shop was located was owned by the plaintiffs, to whom Centamo paid a monthly rental of $30.00.

October 11, 1951, the defendant was appointed administrator of the estate of Centamo. He had keys to the cobbler shop and entered there from time to time to remove stock, to return shoes to customers, and to show the shop to prospective purchasers. The shop was sold by him in August 1952.

The plaintiffs' agent gave evidence to the effect that he had a talk with the defendant, just prior to his appointment as administrator, at which time, the defendant stated that he intended to sell the shop when he was appointed. After the defendant's appointment, and before the sale of the shop, he met the defendant five or six times, and, on each occasion, the talk would be concerning the sale of the shop. The defendant told him that he had a few prospective buyers, but that he was holding out for more money; that as soon as he did sell the shop, he would straighten everything out with the owners, and that, if he sold

the stock and fixtures, he would get much less than if he sold it as a business. From these conversations, he believed that the defendant would pay him the rent as soon as he sold the shop.

The defendant testified, in substance, that he said to the plaintiffs' agent, if you will let me sell the shop as a business, you will have a better chance of renting it, to which the agent agreed; that, at no time did he receive any demands for rent, nor did he pay any; that he did not conduct a cobbler business on the premises; that he did not agree to pay rent, and that he was not a tenant of the plaintiffs. In cross examination, he said that if any one was responsible for rent, it would be the estate that would pay for it.

The plaintiffs filed requests for rulings which, with the trial judge's action thereon, are as follows:

"1. Upon all the evidence the plaintiffs are entitled to recover the amount set forth in their declaration. *Denied.*

2. If the court finds that the defendant was in actual possession of the premises then the said defendant is liable for the value and real worth of the use of said premises. *I do not so find.*

3. If the court finds that the defendant as administrator of the estate of the deceased, entered and held possession of the demised estate, then said defendant administrator is personally liable for the value and real worth of the use of said premises. *I do not so find.*

4. If the court finds that the defendant is personally liable for the value and real worth of the use of said premises, then the rent reserved is prima facie the measure of the value of said premises. *I do not so find.*

5. The evidence warrants a finding that the defendant did enter and take possession of said premises and therefore is personally liable for the value and real use of said premises. *I do not so find.*

There was a finding for the defendant and the plaintiffs claim a report on the denial of their re-

quests for rulings numbered 2, 3, 4 and 5, and the findings thereon.

Findings of fact are not proper subjects of a report. *James B. Rendle Co. v. Conley & Daggett, Inc.,* 313 Mass. 712; *Perry v. Hanover,* 314 Mass. 167, 169.

The failure of the judge to pass upon the plaintiffs' requests for rulings numbered 2, 3, 4 and 5, other than "I do not so find" was an implied denial of such requests. *Bankoff v. Coleman Bros. Inc.,* 302 Mass. 122, 123.

If the defendant took possession without any special understanding with the plaintiffs, he is personally responsible for use and occupation. *Durkin v. Langley,* 167 Mass. 577; *Eaton v. Walker,* 244 Mass. 23, 30; *Tomlinson v. Flanagan,* 287 Mass. 38, 44-45; *Grueby v. Chase Harris Forbes Corp.,* 292 Mass. 156, 159. However, from the testimony of the defendant, it would be found that the plaintiffs agreed to allow the defendant to stay on the premises solely in the hopes of obtaining a new tenant by the sale of the shop as a business.

The special finding of fact, "I do not so find", in reference to requests 2, 3 and 4 satisfies the requirements of Rule 27 of the District Courts. *Liberatore v. Framingham,* 315 Mass. 538 at 544. Such finding of fact rendered these requests immaterial.

The evidence warrants a finding that the dedendant did enter and take possession of said premises, but it does not follow that "therefore (defendant) is personally liable for the value and real use of said premises" as stated in request 5, for it would not be illogical to grant the first part of the request and then, upon a consideration of the evidence, to find generally in favor of the defendant. *Stone v. Haverhill Electric Co.,* 299 Mass. 455, 456.

There was no error in the denial of the plaintiffs' requests for rulings and the report is to be dismissed.

Zorfas & Zorfas, for the plaintiff.

Sumner Liebman, for the defendant.