ABRAHAM FINKELMAN *vs.* JOHN Y. KAUFMAN. May 5, 1958. Exceptions overruled, with double costs to the plaintiff. In the absence of an abuse of discretion, which was not shown here, the refusal to grant a postponement of a trial presents no question of law. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5. An exception alleged to have been taken to a ruling made by a judge at a pre-trial hearing who was still in service and different from the trial judge could not have been included in a bill of exceptions allowed by the latter. *Brooks* v. *Shaw*, 197 Mass. 376, 378–379. No exception lies to the refusal to grant special leave to file requests for rulings after final arguments of counsel. There was no abuse of discretion. The judge went no farther than to paraphrase Rule 71 of the Superior Court (1954) which so far as material provides that "Requests . . . shall be made in writing before the closing arguments unless special leave is given to present requests later." See *Gibbons* v. *Davis*, 324 Mass. 286; *Donnelly* v. *Larkin*, 327 Mass. 287. Compare *Robertson* v. *Boston & Northern Street Railway*, 190 Mass. 108, 109.

The case was submitted on briefs.

*Paul Karger*, for the defendant.

*Bernard P. Rome & Julius Thannhauser*, for the plaintiff.

JAMES C. JAMIESON *vs.* PHILIP D. MORELLO. May 7, 1958. Order dismissing report affirmed. This is an action of tort to recover for damage to the plaintiff's automobile resulting from a collision with that driven by the defendant. The accident occurred on August 18, 1952, at or near Wellington Circle in Medford. The plaintiff testified that while travelling at the rate of fifteen miles per hour his automobile was struck "dead center in the rear" by the defendant's automobile and damaged to the estimated amount of $55.80. The defendant who was the only other witness testified that the plaintiff crossed to his left in front of the defendant and in so doing the plaintiff's rear bumper became engaged with the defendant's front bumper. The judge found for the plaintiff. The case, which is here on the defendant's appeal from an order of the Appellate Division dismissing a report, is governed by *Harrington* v. *Central Greyhound Lines, Inc. of New York*, 336 Mass. 436, 437. The judge's special finding that "defendant negligently ran into plaintiff who was in the exercise of due care" was sufficient to warrant the denial of the defendant's requests for rulings.

*Angelo Morello*, for the defendant.

No argument nor brief for the plaintiff.