*Southern District*
### WENDELL JOHNSON
### v.
### BYRON F. ANGEL

*Present:* Nash, P. J., Sgarzi & Kalus, JJ.

Case tried to *Casey, J.,* in the Municipal Court of the West Roxbury District. No. 21,071.

*Sgarzi, J.* This is an action of tort in which the plaintiff alleges that he sustained the loss of certain household furniture by fire while the same was in an apartment occupied by him as a tenant of the defendant and that said loss resulted from the negligence of the defendant, his agents or servants.

The defendant's answer is a general denial, allegation of contributory negligence and denial of possession or control of the premises where the damage was suffered.

*There was evidence that* the plaintiff and his wife were shown an apartment at 77 Walnut Park in Roxbury by one Thomas Bailey, a real estate broker on or about December 1, 1958. On or about December 4, 1958 a lease of the apartment was executed by the defendant as lessor and the plaintiff and his wife as lessees and the keys were delivered to the plaintiff although neither the plaintiff nor his wife had met the defendant or had any conversations with him concerning the apartment.

The plaintiff was in the Navy and away from Boston after the lease was signed but

his wife took possession of the premises and started to clean and paint the apartment before moving in. During this process she found that there was a leak in the drain pipe under the wash bowl in the bathroom and that water would appear on the floor when the wash bowl was used. She called this to the attention of the landlord sometime before *December* 10th. and he said he would make the necessary repair. Certain articles of furniture which were bought and paid for by the plaintiff were moved into the apartment but the place was never actually occupied by the lessees as living quarters.

On Sunday *December* 21, 1958 the plaintiff's wife was at the apartment doing some cleaning and she noticed that the leak had not yet been repaired. She returned the following evening to find that a fire had occurred at about 1:00 P. M. on that day and that the bathroom floor, and a part of the floor in the reception hall and kitchen were completely burned out. This part of the apartment was directly over the boiler room in the building. An inspector of the Arson Squad of the Boston Fire Department examined the building and expressed the opinion that "it was an electric fire."

The defendant seasonably presented seven requests for rulings of law. Without reciting them in detail it is sufficient to say that they were valid statements of law and were properly granted by the Court. The trial judge made no findings of fact but found for the

plaintiff in the sum of $1500. The defendant then made a motion for new trial and at the hearing on this matter presented seven additional requests for rulings of law.

█ Rule 27 of the Rules of District Courts provides that requests for rulings of Law be presented before final arguments and can be filed after that time only by special leave. *Gibbons v. Davis,* 324 Mass. 286.

█ While it does not appear that special leave to present these requests at the time of the hearing on the motion for new trial was sought or given, the report shows that the requests were in fact received by the trial judge and acted upon by him. This was a proper exercise of discretion by the trial judge and shows no violation of the rule. *McMahon v. O'Connor,* 137 Mass. 216, 217.

█ Of the seven requests for rulings presented at the hearing on the motion for new trial six were denied including the following:

"4. Upon all the evidence a finding for the plaintiff is not warranted for the following reasons:

a. There was no evidence submitted to show what caused the fire which resulted in the damages alleged by the plaintiff."

We are of the opinion that this request should have been granted. While there was evidence of the existence of a leak in the drain pipe under the wash bowl, this leak only occurred when the bowl was being used.

There was no evidence that there was anyone in the apartment between the time the plaintiff's wife left it on the evening of Sunday, *December* 21, 1958 and Monday evening *December* 22, 1958 when she returned from work. The fire occurred at about 1:00 P. M. on Monday at a time when the wash bowl was not being used and therefor no water was leaking. Presumably the basis of the plaintiff's claim is that the defendant was negligent in failing to repair a leak the water from which came in contact with electric wires thereby closing a circuit, generating heat, and causing a fire. But this is pure conjecture and surmise.

There was no evidence whatever that any water was leaking at about the time of the fire or that any water ever came into contact with electric wires, nor was there any testimony expert or otherwise that water coming into contact with such wires could cause a fire.

It is true that a trier of fact has the right to draw reasonable inferences. *Semerjian v. Stetson,* 284 Mass. 510; *C. v. Doherty,* 137 Mass. 245.

As Justice Donohue said at page 514 in the *Semerjian* case:

> "The permissible drawing of an inference is a process of reasoning whereby from facts admitted or established by the evidence, or from common knowledge and experience, a reasonable conclusion may be drawn that a further fact is established."

An inference, to be valid must be based upon facts which are found and not based upon other inferences. In the present case the conclusion that the leak caused the fire can only be reached by a chain of inferences which amount to pure speculation. In these circumstances we are of the opinion that a finding of negligence was not warranted by the evidence. The denial of the defendant's request mentioned above was prejudicial error and since its allowance would have required a finding for the defendant the order should be "Judgment for the defendant."

Joseph E. Marino of Boston, for the Plaintiff.
Stephan T. LaDoulis of Boston, for the Defendant.