*Southern District*

### THOMAS E. GREEN
v.
### SWIFT AND BACHMAN, INC.

*Present:* Nash, P. J., Callan & Kalus, JJ.

Case tried to —————, *J.,* in the District Court of East Norfolk. No. 14750.

*Callan, J.* Action of tort to recover for injuries sustained through the alleged negligence of the defendant.

*There was evidence tending to show that* the plaintiff, having purchased an automobile from the defendant, had the car serviced

from time to time at the defendants' place of business. After buying the car a leak developed near the driver's seat and attempts were made by the defendant to locate and repair it. In December 1959 another leak near the trunk developed. Plaintiff took the car back to the defendant's premises on December 28th and left it there for repairs. The next day plaintiff went back to the defendant's place of business and was told by the parts department manager that the car was now being taken to the basement repair shop. Plaintiff told the manager that he would go to the basement repair shop to point out where the leak was. Nothing was said by the manager. The basement repair shop had two means of access, one through a parts department of the defendants' place of business, over the door of which had a sign, "Employees only, keep out", and the other by outside steps adjacent to the service department of the defendant's place of business, these steps having been cut into a macadam surface on the side of a banking and having no hand rail or bannister. There was no sign prohibiting use of these steps. As plaintiff was descending from the second to the third step, his foot started to slip, he lost his balance and before he could regain his balance, he had fallen to the foot of the embankment and suffered a fracture of his left arm. Plaintiff never used these steps before. There was evidence of the measurements of the steps, the variance between the treads and rises. There

was also evidence that the steps were unsafe because of this variance.

A witness for the plaintiff was asked whether the steps conformed to the rules and regulations, first, of the State Department of Public Safety, and second, of the building code of Quincy. The questions were excluded, an offer of proof was made and the plaintiff claimed a report.

At the close of the trial and before argument, the plaintiff and defendant requested time to submit requests for rulings. This request was denied. Defendant then submitted requests for rulings and a finding was made for the defendants. The judge stated "in view of the finding, the Court treats these requests for rulings waived." No special finding of facts was made by the judge.

Claiming to be aggrieved by (1) the exclusion of the questions relating to evidence, (2) the denial of time for the plaintiff to file requests for rulings, (3) the judge's failure to make a finding of facts, and (4) his failure to rule on defendants requests, the plaintiff claimed a report to this Court.

█ Although the plaintiff duly claimed a report on the exclusion of certain evidence, he failed to reduce the same to writing and file it with the clerk within five (5) days after the ruling. Rule 27, District Courts (1952). *Gibbons v. Denoncourt,* 297 Mass. 448, 454. G. L. (Ter. Ed.) c. 231, §108.

█ The judge was not obligated to grant time for filing requests. It was a discretionary

matter. Under Rule 27 of the District Courts (1952), requests should be presented to the court before closing arguments unless special leave is given to present them at a later date. No such leave was given here. *Finkelman v. Kaufman*, 337 Mass. 770.

As to the failure of the judge to make a finding of facts, a trial judge is not required to make a finding of facts. *Maglio v. Lane*, 268 Mass. 135; *Conley v. Morash*, 307 Mass. 430, 432; *Gibbs v. Swiman*, 310 Mass. 830; *Memishian v. Phipps*, 311 Mass. 521, 523.

The requests for rulings of the defendant became immaterial upon the court's finding for him. If the plaintiff wished to know the rules of law used by the judge in deciding the case, he should have filed requests for rulings. In the case of *Bangs v. Farr*, 209 Mass. 339, 344, the plaintiff presented requests for rulings which were not passed upon and which were ultimately withdrawn. The Court said:

> "The defendant has no right to complain of this. It is true that in the trial of an action at law before a judge without a jury, a party has a right, by the seasonable presentation of appropriate requests for rulings, to know the principles of law which guide the judge in reaching his conclusions. If requests for rulings are presented which are sound in law, pertinent to the issues, and applicable to the evidence, it is the duty of the judge to grant them and to follow them in reaching his decision. Failure to do so is ground for a good

exception. *Jaquith v. Davenport,* 191 Mass. 415, 418. See: *Clarke v. Second Nat. Bank,* 177 Mass. 257. But the defendant does not bring himself within this rule. He did not present the requests which he seeks to argue, but relies upon some presented and subsequently withdrawn by the adverse party without judicial action. So long as the judge and the party presenting them were content with this course, no one else can complain. No error is shown in this regard."

If the plaintiff contends that the finding of the judge for the defendant is wrong, even this question is not properly before us. There was no finding of facts in this case in issue. As was stated in *Muir Bros. Co. v. Sawyer Cons. Co.,* 328 Mass. 413, 414:

"Ordinarily the question of the correctness of a general finding or decision cannot be raised by an exception or claim of report. *Stowell v. H. P. Hood & Sons, Inc.,* 288 Mass. 555; *Leshefsky v. Am. Employers' Ins. Co.,* 293 Mass. 164, 167; *Barton v. Cambridge,* 318 Mass. 420, 424. The reason is that exceptions or claims of report lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented." See also *Mastercraft Wayside Furniture Co. v. Sightmaster Corp.,* 332 Mass. 383, 386.

There is no error and the report is ordered dismissed.

Badger, Parrish, Sullivan & Frederick of Boston, for the Defendant.