*Southern District*

No. 47

## MADELYN N. FERRINO

v.

## MARY J. McCABE

Argued: Dec. 7, 1972 - Decided: Feb. 1, 1973

*Present:* Murphy, P.J., Lee, Prince, JJ.

Case tried before *Tamkin, J.* in the District Court of East Norfolk, No. 63774, on April 5, 1971.

**Murphy, P.J.** This is an action of tort to recover for both pain, suffering and expenses incurred for both medical services and property damage, which the plaintiff alleges in her declaration arose out of an automobile accident caused by the negligent operation of a motor vehicle owned and operated by the defendant. The defendant's answer was a general denial and a plea of contributory negligence.

The court found for the defendant.

**At the trial there was evidence from the plaintiff tending to show that** she was sideswiped while parked. The defendant contends that she was going straight ahead and that her right rear fender was crumpled and there were marks on the left side of the plaintiff's car, left door, left fender and left front bumper.

Both plaintiff and defendant testified that neither one of them saw the other before the accident.

The defendant testified that the plaintiff did not complain of any injuries at the scene of the accident, however, the plaintiff testified

that upon awakening the next morning, she had a swollen knee and pain in the shoulder and neck.

The plaintiff did not make any requests for rulings.

At the close of trial and before final arguments, the defendant filed the following requests for rulings:

"1. On all of the evidence a finding for the defendant is required.

2. On all of the evidence the court is required to find that the plaintiff was guilty of contributory negligence.

3. On all of the evidence the court is required to find that the defendant was in the exercise of due care."

The presiding justice found for the defendant and stated in his finding:

"Defendant's Requests for Rulings:

'Not acted on.' "

This report contains all of the evidence material to the question reported.

The plaintiff claiming to be aggrieved by the court's not acting upon the defendant's requests for rulings, the trial court reported the same to the Appellate Division for determination.

The plaintiff did not file any brief and, as a result, did not argue when this case was before us for hearing.

The sole issue for us to decide is whether or not the failure of the court to pass upon the

requests of the defendant constitutes prejudicial error and may be the subject of a report by the opposing party.

The requests of the prevailing party, unless acted upon by the court, become immaterial by the court's finding.

The losing party is not an aggrieved party within the terms of G.L. c. 231, § 108 by the failure of the court to pass upon the requests of the prevailing party. *Kravetz* v. *Lipofsky,* 294 Mass. 80, 84, and see also *Bangs* v. *Farr,* 209 Mass. 339 and *Green* v. *Swift and Bachman, Inc.,* 23 Mass. App. Dec. 96.

There being no prejudicial error, an order should be entered dismissing the report. **So ordered.**

TULL & SAAD
   for Plaintiff
ROBERT L. ATHAS
   for Defendant