Sherman, P.J.
This is an action in contract and tort arising out of the plaintiffs’ 1983 purchase of a condominium unitfrom defendants Douglas Conn, Peter Confalone and Bermuda Hill Co., Inc.. The plaintiffs allege that they sustained damages in consequence of the defective construction of the condominium unit and the breakdown of the septic system servicing said unit. The septic system was designed by defendant Hayes Engineering, Inc. (“Hayes”), constructed by defendants Conn and Confalone, and maintained by defendants Bermuda Hill and Thompson Club Unit Owners’Trust
*7 (“Thompson Club”)[3]
The plaintiffs claim to be aggrieved on this appeal by the trial court’s entry of an involuntary dismissal of the action upon its denial of the plaintiffs’ motion for a continuance of trial.
The report indicates that the action was instituted in the Superior Court Department in 1985, and thereafter transferred to the Woburn Division of the District Court Departmentfor trial. G.L.c. 231, §102C. On the first scheduled trial date, May 21,1991, the plaintiffs appeared and presented a motion to continue the case on the basis of the unavailability of one of their expert witnesses whose testimony was necessary for their proof of damages. At the same time, defendant Thompson Club also moved for a continuance on the grounds that its counsel was engaged in a trial before the Essex County Superior Court. The remaining defendants, Conn, Confalone, Bermuda Hill and Hayes, objected only to a prolonged continuance. The parties informed the court that the trial of the case would involve testimony by at least eight witnesses, the presence of five attorneys and an anticipated trial time of two to three days. Over the plaintiffs’ objection, the court dismissed the action with prejudice.
The plaintiffs thereafter filed a motion to vacate the dismissal and a supporting affidavit. On June 11,1991, the court allowed the plaintiffs’ motion to vacate conditional upon plaintiffs’ payment of $500.00 to each opposing attorney, plus $1,500.00 to defendant Hayes’ expert witness. Such costs were unsupported by an affidavit of any of the parties, and were imposed over plaintiffs objection.
On September 17,1991, the trial judge sua sponte vacated the order for payment of costs. In April, 1992, a trial date was scheduled.
Early in 1992, all five defendants had filed motions to “Reinstate the Order of Dismissal,” including defendant Thompson Club which had originally requested a continuance. No grounds for the motion to reinstate were presented. Subsequent to the scheduling of atrial date, the defendants pressed their motions. After aconference with all counsel on May 26,1992, the court again dismissed the plaintiffs’ action and ordered that such dismissal was “to be vacated only upon the plaintiffs’ payment” of the original $2,500.00 total costs by July 18,1992.
Theplaintiffs thereafter requested areport to this Division, and another judgeof the trial court stayed the payment of costs pending this appeal.
1. Inherent in the judicial authority to insure the orderly administration of justice is the trial judge’s prerogative to allow or deny a request for a continuance. Tierney v. Coolidge, 308 Mass. 255, 261 (1941). Generally, a continuance may be granted whenever justice so requires it, Noble v. Mead-Morrison Mfgr. Co., 237 Mass. 5, 16 (1921), and the decision to permit a continuance rests solely within the discretion of the trial judge. Foote v. Process Equip. Co., 353 Mass. 755 (1967); Mowat v. DeLuca, 330 Mass. 711, 712 (1953); Commonwealth v. Colonial Motor Sales, Inc., 11 Mass. App. Ct. 800, 810 (1981). Although the exercise of such discretion ordinarily presents no issue of law, Petition of Thorndike, 257 Mass. 409, 411-412 (1926); Noble v. Mead-Morrison Mfg. Co., supra at 16, an allegation of abuse of such discretion will be heard on appeal. Knapp v. Graham, 320 Mass. 50, 55 (1946). See, e.g., Finkelman v. Kaufman, 337 Mass. 770 (1958); Homsi v. C. H. Babb Co., 10 Mass. App. Ct. 474, 475-476 (1980). There is “no mechanical test for deciding when a denial of a continuance is . .. arbitrary,” Commonwealth v. Cavanaugh, 371 Mass. 46, 50-51 (1976), and the court’s exercise of its discretion must be assessed in the light of all relevant circumstances.
Rule 40(b) of the Dist./Mun. Cts. R. Civ. P. codifies the court’s inherent authority to grant continuances “only for good cause”. “Good cause” for acontinuance has been recognized[4] in circumstances not unlike those of the instant case where an essential witness is unavailable on the day of trial, but cf. Noble v. Mead-Morrison Mfgr. Co., *8 supra at 16, or where counsel for one of the parties is engaged in proceedings in another court. Ackroyd’s Case, 340 Mass. 214, 218-220 (1960). We note that sufficient grounds for a continuance herein were presented by both the plaintiffs and one defendant. The plaintiffs, whose expert witness could not appear, and defendant Thompson Club, whose counsel was engaged in a superior court trial, joined in the motion for a continuance. There was no record of delay in the case as the continuance was requested on the first scheduled trial date, and the remaining defendants voiced no objection to a brief postponement. The failure of the plaintiffs to submit a Rule 40(c) affidavit in support of their motion did not preclude the court’s exercise of its discretion to grant a continuance. Gynan v. Jeep Corp., 13 Mass. App. Ct. 504, 506 (1982).
Despite the operation of factors favorable to the granting of a continuance in this case, the allowance or denial of the plaintiffs’ motion remained within the judge’s discretion. The court elected, however, not only to deny the continuance, but also to enter a DistVMun. Cts. R. Civ. P., Rule 41(b) (2) involuntary dismissal.
Involuntary dismissal is a drastic sanction which should be utilized only in extreme situations. As a minimal requirement, there must be convincing evidence of unreasonable conduct or delay. A judge should also give sufficient consideration to the prejudice that the movant would incur if the motion were denied, and whether there are more suitable, alternative penalties. Concern for the avoidance of a congested calendar must not come at the expense of justice. The law strongly favors a trial on the merits of a claim.
Monohan v. Washburn, 400 Mass. 126, 128-129 (1987). The record herein is devoid of any evidence of unreasonable conduct, culpable neglect or willful delay by the plaintiffs[5], or of any suggestion of prejudice to the defendants by the plaintiffs’ conduct. Of greater significance is the absence of any indication that the trial court considered suitable alternatives to dismissal such as postponing the testimony of the unavailable expert witness until a later date while proceeding with trial, or imposing monetary sanctions [see discussion infra] on the plaintiffs as a condition for a postponement. Under such circumstances, the court’s dismissal of this action was an inappropriate and draconian response to the parties’ request for a continuance which must be set aside as an abuse of discretion. See Monohan v. Washburn, supra at 129; Dewing v. J. B. Driscoll Ins. Agency, 30 Mass. App. Ct. 467, 471-472 (1991). Contrast Anderson v. Sport Lounge, Inc., 27 Mass. App. Ct. 1208, 1209-1210 (1989).
2. The court’s subsequent allowance of the plaintiffs’ motion to vacate the Rule 41(b)(2) dismissal upon the payment of costs did not obviate its earlier error. Generally, costs may be properly imposed as either a condition for relief from judgment or as a sanction for failure to obtain a timely continuance. Beit v. Probate & Family Ct. Dept., supra at 860-861. However, costs may not be assessed lightly or without notice and an opportunity to be heard. Id. at 860. The amount of the costs imposed must be reasonable and have some rational basis in fact. In the instant case, no affidavits or other evidence were presented to support the court’s apparently arbitrary assessment against the plaintiffs of $1,500.00 in costs for the appearance of defendant Hayes’ expert witness and $500.00 in costs for each opposing defense counsel. No written explanation of its assessment or imposition of costs was provided by the court. See Id. at 862.
*9 3. Accordingly, the trial court’s Dist./Mun. Cts. R Civ. P., Rule 41 (b) (2) involuntary dismissal of this case and its order for the plaintiffs’ payment of costs are hereby vacated. This case is returned to the Woburn Division for trial before a judge other than the judge whose rulings were the subject of this appeal.
So ordered.

 Trior to argument before this Division, the claims against all defendants except Hayes Engineering Inc. were resolved by the parties. Hayes remains as sole defendant.

 See cases collected in 1 J.R. NOLAN, CIVIL PRACTICE §523 at 523-524 (1992).

 Our assessment of the particular circumstances of this case should not be construed as an endorsement of last-minute requests for continuances which generally “delay the adjudication of legitimate claims and defenses, unnecessarily increase clients’ litigation expenses and squander limited judicial resources.” Beit v. Probate & Family Court Dept., 385 Mass. 854, 859-860 (1982). Parties remain obligated to inform the court by timely motion for acontinuance when cases are not ready for trial, Beninati v. Beninati, 18 Mass. App. Ct. 529, 534 (1984), and “must act with reasonable diligence to bring their litigation to afinal conclusion.” Bucchiere v. New Eng. Tel. & Tel. Co., 396 Mass. 639, 642 (1986).